## PERRY *vs.* MITCHELL.

A surrogate has no power to issue an attachment against a defaulting witness to bring him up "to testify." Such process is void, and proceedings against a sheriff for contempt for not executing it are void.

Where the surrogate attached the sheriff for not executing such a process, he is a trespasser.

An action of trespass brought for an arrest under void process issued by a surrogate to the coroner of another county, may be brought in the county where the service is made. (2 *R. S.* 353, § 14.)

TRESPASS for false imprisonment. The plaintiff was sheriff of the county of Dutchess, and the defendant surrogate of

the county of Ulster. A subpœna had been served upon A. L. Jordan, a witness, to attend an accounting before the surrogate. Upon his default in appearing, the surrogate made an order that an attachment issue to bring the witness before him "*to testify*" on the accounting. The attachment was directed to the plaintiff, and delivered to him. He arrested the witness, but permitted him to go at large on his promise to appear at the return of the attachment. The witness did not appear; and the surrogate made an order that an attachment issue against the plaintiff, to bring him before him to be dealt with according to law. The attachment was issued to the coroner of Dutchess county, and recited the former proceedings. Upon this plaintiff was arrested and brought before the defendant, when an order was made by him that the plaintiff was in contempt, and that he pay to the parties in the proceeding $110 for their expenses, and stand committed until paid. The venue was laid in Dutchess county, and the cause tried at the Dutchess circuit in November, 1846, before the Hon. Seward Barculo, circuit judge.

On the trial, the foregoing facts, with others not material to the question upon which the cause was decided, were proved, and the plaintiff rested. The defendant then moved for a nonsuit on the grounds, 1st, that the evidence made out a complete justification; and 2d, that the attachment having been issued in Ulster county, the action would not lie in Dutchess. The circuit judge decided that the attachment against the witness delivered to the plaintiff to be executed was void, and the plaintiff was not compelled to execute it; and therefore that all of the proceedings against him were unauthorized and void, and denied the motion; to which decision the defendant excepted. The cause was then submitted to the jury, who found a verdict for the plaintiff. A bill of exceptions was signed, upon which a motion is made by the defendant for a new trial.

*J. A. Spencer,* for defendant.

*A. L. Jordan,* for plaintiff.

*By the Court,* BEARDSLEY, Ch. J. The action was trespass for an alleged false imprisonment of the plaintiff; and the only imprisonment proved on the trial was one commenced in the county of Dutchess, but which terminated in the county of Ulster, the plaintiff having been carried as a prisoner from the former into the latter county. Such being the fact, let it be conceded that the action was brought against the defendant for what he had done as surrogate, in the county of Ulster, still it will not follow that the action should have been laid in that county. The attachment, issued by the defendant, and under which the plaintiff was arrested and imprisoned, was directed to a coroner of the county of Dutchess, and required him to arrest the plaintiff if found in that county, and bring him before the defendant in the county of Ulster. This command of the defendant was obeyed by the coroner to the very letter, and this imprisonment is " the fact complained of" by the plaintiff; (2 *R. S.* 353, § 14;) " the cause of action" relied upon, and which " arose within the county" of Dutchess where the trial was had. (*Id.* 409, § 3.) Whether the plaintiff, who was imprisoned in both counties, had an election to lay his action in either, is not a question in this case, and upon it no opinion is intended to be expressed. But, that he had a right to lay his action in Dutchess, seems to be entirely clear, for there the imprisonment complained of began, and if it was illegal, there the cause of action arose and should be tried. (*Id.*)

As the venue was proper, the only question is, whether the imprisonment of the plaintiff was illegal.

The attachment issued by the defendant against Mr. Jordan, required the plaintiff, who was sheriff of Dutchess, to arrest said Jordan and bring him before the defendant as surrogate " *to testify*" in a matter pending before him. But a surrogate has no power to issue such process; for, although a witness may be arrested and punished for a contemptuous refusal to appear and

give evidence, the law does not authorize his being brought into court, forcibly, "*to testify*" in any case whatever. This attachment was therefore wholly void, and the plaintiff was under no obligation to execute or return it. It appears, however, that he did arrest the witness, but, on his engagement to appear before the defendant and give evidence, he was suffered to go at large. The attachment not being promptly returned by the plaintiff, he was proceeded against for an alleged contempt in failing to make due service and return of the supposed process. His omission in these respects was held to be a contempt, and thereupon an attachment for his arrest was issued by the defendant. This attachment was served by a coroner of Dutchess, to whom it was directed, and the plaintiff, on being thus brought before the defendant, was ordered to pay one hundred and ten dollars and stand committed until payment was made.

I entertain not the slightest doubt of the illegality of the entire proceedings against the plaintiff. The attachment placed in his hands to be served, was void, and he was not bound to receive, or do any thing with or concerning it. It was quite as illegal as would have been an order from the defendant, assuming to act as surrogate, for the banishment or decapitation of a witness, and a refusal to execute one would be no more contemptuous than a like refusal as to the other. In the case before us, the attachment against the witness being illegal and void, there could be no contempt of the authority of the surrogate's court in refusing to execute and return it. The supposed attachment was not an emanation from, nor did it convey, any such authority, and no one was bound to heed its command. As there was not, nor could there be, any such thing as a contempt in what was done or omitted in this case by the plaintiff, there was no offence of which the defendant, as surrogate, could acquire jurisdiction. His judgment that a contempt had been committed will not aid him, for a surrogate cannot so far change the nature of things as to make that which was entirely innocent, a contempt of legal authority. The defendant, therefore, in issuing the attachment against the plaintiff, acted wholly

wi.hout jurisdiction or authority. There was no contempt over which jurisdiction could be acquired, and the proceedings were utterly void. The defendant had neither jurisdiction of the person of the plaintiff, or of any subject matter which authorized his arrest.

New trial denied.