HOME INSURANCE COMPANY, of St. Paul,

*vs.*

SAMUEL M. FLINT.

The office of a writ of prohibition at common law, it seems, is to prevent Courts from going beyond their jurisdiction. It is seldom if ever granted to restrain the proceedings of other bodies or officers.

Our statute confirms the use of the writ, and has not changed the common law in respect to the proceedings which it may be used to restrain; nor does it limit, extend, or determine the cases in which it will lie.

Home Insurance Company v. Flint.

The statute of 1867, which provides that it shall be the duty of the County Attorney of each county where an insurance company organized within this State is situated, upon complaint, &c., "to examine into the financial condition of such company, and if in his opinion such company does not possess the amount of capital or assets on hand according to the requirements of the law, or in other material things is not complying with the law, he shall so certify to the State Treasurer," &c., does not require of the County Attorney the exercise of judicial powers ; and a compliance with the statute in that respect by such attorney cannot in any case be restrained by writ of prohibition.

The defendant, who at the time these proceedings were instituted, was County Attorney for the county of Ramsey, upon the complaint of certain persons insured in the Home Insurance Company of St. Paul, a company organized within this State, and situated in said county, applied to the president of said company to inspect the books, records and securities of said company, in order to examine into its financial condition, and ascertain whether it was complying with the law regulating insurance companies, pursuant to the act of March 9, 1867. The president of said company declined, at that time, to allow such inspection, and applied to the Hon. S. J. R. McMillan, one of the Judges of this Court, upon affidavit, for a writ of prohibition, and the cause shown appearing to such Judge to be sufficient, such writ was duly issued, directed to said Samuel M. Flint, County Attorney, &c., commanding him to desist and refrain from further proceedings in that regard until the further order of the Court, and also to show cause, at the next term of said Court, why said prohibition should not be made absolute. The matter is heard in this Court upon the order to show cause.

E. C. PALMER for Plaintiff.

S. M. FLINT & L. E. THOMPSON for Defendant.

*By the Court*—WILSON, Ch. J.—At common law it seems to be the office of a writ of prohibition to prevent Courts from going beyond their jurisdiction.

The writ is issued to the Court and prosecuting party, commanding the former not to entertain, and the latter not to prosecute the action or proceeding.

It is seldom if ever granted to restrain the proceedings of other bodies or officers. But whether it is ever issued to another body or officer or not, it is clear that it is only issued to restrain the exercise of *judicial* powers. 2 *Seldon's Prac.*, 308; 2 *Burrill's Prac.*, 182; 3 *Blacks. Com.*, 111, 113; *People vs. Supervisors*, 1 *Hill*, 195; *In matter of Mount Morris Square*, 2 *Hill*, 28; *Ex parte Branderacht*, 2 *Hill*, 367; *Washington vs. Phillips*, 2 *Met.*, 298–9.

Our statute confirms the use of the writ, but has not in respect to the proceedings sought to be restrained by it changed the common law; nor does it purport to limit, extend, or determine the cases in which the writ will lie.

If, therefore, the acts of the defendant complained of are not *judicial*, they cannot be restrained by this writ. The statute of 1867 requires the County Attorney " to examine into the financial condition of such company, and if in his opinion such company does not possess the amount of capital or assets on hand according to the requirements of the law, or in other material things is not complying with the law, he shall so certify to the State Treasurer."

The compliance with this law is the act threatened and sought to be restrained. If the word is used in the ordinary and legal acceptance, clearly there is nothing *judicial* in the making of the examination and certificate required. The word "judicial" is defined: (1) Pertaining to Courts of justice; as, judicial powers. (2) Practiced in the distribution of justice; as, *judicial* proceedings. (3) Proceeding from a Court

of justice; as, a judicial determination. *Webster's Dic.* Bouvier defines it—"belonging to and emanating from a judge as such." "Judicial powers" he defines—"the authority vested in the judges.'"

A judicial investigation proceeds after notice, and eventuates in a judgment, which is the final determination of the rights of the parties, unless reversed by an appellate tribunal. The necessity of notice in the inception, and the conclusive character of the determination, are perhaps as good a test as any other, as to what proceedings are judicial. In this case it cannot be pretended that notice is required, or that the determination, or certificate, would be conclusive in collateral proceedings.

Ministerial officers are not unfrequently required to perform acts which involve, to some extent, the exercise of legal discretion, but which are not regarded as judicial. A sheriff is required, at his peril, when process is placed in his hands for service, to decide whether it is in conformity with law. A register of deeds is forbidden to record an instrument not legally executed, under a severe penalty : yet it never has been claimed that the decision of the officer, in either case, is a judicial one, or that it is conclusive in collateral proceedings. In fact, perhaps every county and State officer is called upon to perform acts quite as much of the character of judicial proceedings as these complained of. We think the act of 1867 does not require of the County Attorney the exercise of judicial power, and therefore, that a compliance with it can not be restrained by this writ, in any case. The counsel for the plaintiff desired that the case might be determined on the constitutionality of the law of 1867, and the counsel for the defendant consented to waive the question above examined ; but we do not feel at liberty to overlook such a question. The precedent might be pernicious and annoying.

If a writ of prohibition may be issued in this case, it is difficult to see why it may not run to any officer, or to restrain any act, ministerial or judicial. The act of a clerk of the Court in issuing a marriage certificate is a judicial act in the same sense this is. Some stress is laid by plaintiff's counsel on the amendment of 1852, but we think it does not touch the case. The revised statutes as originally adopted provided as follows : " If the cause shown shall appear to the Court to be sufficient, a writ shall be thereupon issued, which shall command the Court and party to whom it shall be directed to desist," &c. The amendment added after the words " Court and party " the words " or officer," and in the different sections of the act is made the necessary corresponding change.

Admitting that this amendment by implication justifies the issuing of the writ to an officer, not properly a *Court,* its force or meaning cannot be extended further, for there is nothing in its language to justify or give the least color to the inference that acts not strictly judicial may be thus restrained. The amendment is silent on this point, and therefore the common law stands.

If the plaintiff has suffered, or is in danger of suffering from the threatened act of the defendant, he has mistaken his remedy. This makes unnecessary an examination of any other question raised on the argument.