### No. 8097.

STATE OF LOUISIANA EX REL. FOLLET ET AL. VS. N. H. RIGHTOR, JUDGE, ETC.

The writ of Prohibition is not a writ of right, and should only issue when the court to be pro- hibited, having no jurisdiction at all, *ratione materiæ* and *ratione personæ*, clearly usurps jurisdictional power.

The writ should not issue to prohibit a District court to punish for contempt a party defend- ant in an Injunction suit, on the ground that said court had no jurisdiction of the suit.

The case being appealable, the Relators have an adequate remedy by Appeal and are not entitled to the interposition of the prohibitive authority of this Court.

APPLICATION for Writ of Prohibition.

---

Brice & Pardee and E. Howard McCaleb for the Relators.

First—A writ of prohibition may be granted by the Supreme Court to prevent a District Judge from taking cognizance of a suit involving issues pending before the United States Circuit Court (5 R. 27), and

also before a District Judge of co-ordinate powers, who had previously acquired jurisdiction over the parties and the subject-matter of the controversy. C. P., arts. 94 and 335. In such cases prohibition is the proper remedy to prevent conflicts of jurisdiction. Blackstone's Commentaries, Book III, page 112 ; C. P., arts. 846 and 847.

Second—The court first seized of jurisdiction retains it, to the exclusion of all other tribunals. 1 Woods, R. p. 266 ; High on Injunctions, § 17, p. 13 ; § 47, p. 33.

Third—Alleged intentions to violate Act No. 63 (approved April 13th, 1877), which makes it a misdemeanor, punishable by fine and imprisonment, to discharge, or attempt to discharge, the duties of a pilot without a license, do not authorize the issuance of an injunction by a civil tribunal having no jurisdiction whatever over the territory where such misdemeanors must necessarily be perpetrated. C. P., art. 90. Civil tribunals have no jurisdiction to restrain by injunction the commission of crimes or offenses. High on Injunctions, § 23.

Fourth—The Association of Branch Pilots, authorized by section 2707, Rev. Stats. of 1870, is a legal corporation (Rev. C. C. arts. 432 *et seq.;* Field on Corporations, section 15 ; Potter on Corporations, section 6), and, therefore, an injunction against the corporation included all the members (High on Injunctions, § 863) ; but even if it be a partnership, suit could only be brought at its domicile, and such suit is binding on the partners. C. P. art. 165.

Fifth—Where the acts enjoined relate to the functions of public officers (*id est* Branch Pilots of the port of New Orleans), the court having jurisdiction over the *locus in quo* their offices are established, and the duties appertaining thereto performed, is the proper tribunal to apply to for redress of official grievances, and not the court of the domicile.

Sixth—Judgments punishing for contempt of an injunction are reviewable by *certiorari* upon jurisdictional grounds (Freeman on Judgments, § 137 ; Batchelor vs. Moore, 42 Cal. 415), because no appeal lies. *Ex parte* Parsons, 4 A. 105.

Seventh—When an appeal has been granted, the lower court is divested of all jurisdiction over the matters embraced by the appeal, except to test the solvency of the surety on the appeal bond. No appeal lies from an order dissolving an injunction on bond, if the act prohibited does not work an irreparable injury. 2 A. 321 ; 4 A. 147 ; 12 R. 488. The right to, and effect of, an appeal from an order of dissolution must necessarily be determined by the appellate court. 14 A. 57.

Eighth—After dissolving an injunction on bond, the court *a qua* cannot

punish defendants for contempt.  High on Injunctions, § 873 ;  Edward's Chancery, R. 188 ; 9 Cal. 18.

Ninth—Article 308, C. P., does not authorize the imposition of a fine for violating an injunction, but only imprisonment, or the destruction of whatever may have been done in contravention of the order.

Tenth—Where relators have verified their application for *prohibition* and *certiorari* by affidavit, as required by arts. 848 and 859, C. P., and the judge *a quo* fails to send up " a duly certified copy of the record " (C. P., art. 861), as required of him, his statements, or that of counsel, on questions of fact, should be disregarded, because it was his duty to comply with the order, and send up the copy of the proceedings called for.

In the rule *nisi*, granted by this Court, on an application for prohibition, the Answer of the defendant should be sworn to.

J. R. Beckwith for Respondents.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is an application for a Prohibition.  The relators charge : that, on the 25th of October last the Civil District Court for the parish of Orleans issued an injunction against them to prevent them from acting in a certain manner ; that on the day following, this injunction was dissolved on bond ; that on the 29th of the same month, a *suspensive* appeal was asked, obtained and perfected from the order to dissolve ; that on the 1st of November a rule was taken to punish them for contempt of court for violating said injunction ; that on the 26th following said rule was made absolute ; that they were condemned to pay each a fine of $25, or be confined five days in the Parish Prison, the court announcing that: " any further disobedience of the injunction will be visited with the utmost penalties of the law."

They charge that the Civil District Court for the parish of Orleans has exceeded the bounds of its jurisdiction in entertaining both said injunction suit and said proceedings for contempt.

1st.  Because the Twenty-Fourth Judicial District Court for the parish of Plaquemines, on the 22d of September, and the United States Circuit Court for the District of Louisiana, on September 1st, 1880, were seized with jurisdiction of the matter sought to be agitated before the Civil District Court between the same parties.

2d.  Because the injunction was dissolved on bond.

They say that they have pleaded to the jurisdiction of the Civil District Court on the trial of the *rule* for contempt, but that the rule was made absolute.

They pray that the District Judge be prohibited from taking further cognizance of the cause.

State ex rel. Follet et al. vs. Rightor, Judge.

The defendant judge has made a return to the rule for a peremptory prohibition.

The relators complain that this return is not sworn to; but this is immaterial, even unnecessary, as the judge answers in his official capacity under his official oath. There are cases in which no return at all may be necessary, as where the application can be refused on its face.

It does not appear from the showing made that the relators have pleaded to the jurisdiction of the District Court by exception to the *petition* in the suit, nor that, if such plea was filed, it was overruled by the court.

It may well be that the District Court virtually overruled the plea to its jurisdiction, offered on the *rule for contempt*, but its judgment in such a proceeding is not reviewable by this Court. Assuming that the plea was a good one to the action, the court had a right to ignore or disregard it, on the trial of the *rule for contempt*, for the issue then was merely, had an injunction issued and been notified to the defendants, and had the defendants, without legal warrant, disobeyed it? It will not do for parties enjoined, rightfully or wrongfully, to take the law in their own hands, and without previously having the injunction issued dissolved by the court, by giving bond or otherwise, do and perform those things or acts which the writ forbids them from doing and performing. The proper course would have been to obtain *first* a dissolution, and *afterwards* to have done and performed that which had been prohibited.

It appears that one of the defendants only was served with the injunction, and that the other two received no notice; but this is of no moment, as they all afterwards moved for its dissolution by giving bond, which, however, proved of no avail, as the plaintiffs in the suit, upon proper *averments*, sought and obtained a *suspensive* appeal from the dissolving order, thereby keeping in its integrity, in full force and effect, the injunction issued. It may be that the plaintiffs were not entitled to a *suspensive* appeal from this dissolving order; but this is a question which cannot be determined in this proceeding, and which can only be solved when presented on the appeal. O. B. 52, f. 211, 276.

It is perfectly clear that the Civil District Court did not exceed the *bounds* of its jurisdiction when it allowed and passed upon the rule for a contempt, C. P. 130, 131, although it may be that it had no jurisdiction over the main demand, which appears to be appealable.

We are not informed whether an exception was filed to the jurisdiction of the court, *in limine*. Either it was or it was not. If it was, it may be that the court will sustain it and dismiss the suit, or overrule it and maintain the suit. In the former case, the defendants would have

no cause to complain. In the latter case, they would not be debarred of their defense on the merits. From a judgment against them they could appeal and submit to this Court the exception to the jurisdiction, as well as their defense on the merits, and the Court would determine the questions presented in the order and manner in which they should be decided. If, on the other hand, the defendants have not filed such exception *in limine* and have answered, it may be claimed that they have submitted to that jurisdiction, abandoning means of defense personal to themselves. It is possible that it is precisely because no such exception was filed, that the court made the rule for contempt absolute.

It is not in all the cases in which a court may have *no* jurisdiction that a prohibition can issue from this Court. It is not a writ of right. 19 L. 167 ; 19 L. 174 ; 27 A. 336 ; 29 A. 360. It is an extraordinary one (10 R. 169 ; 4 R. 48), which can only issue where the court, having no jurisdiction *at all, ratione materiæ* and *personæ, clearly usurps* jurisdiction. C. P. 846 ; 4 A. 11 ; 11 A. 696 ; 14 A. 7, 504 ; 2 A. 236 ; 16 A. 186 ; 27 A. 158 ; 20 A. 240. It then issues *only* after a fruitless attempt in the lower court for relief (10 R. 169 ; 10 A. 552 ; 29 A. 806), and in the sound discretion of the court having *appellate* or *supervisory* jurisdiction, as the case may be. 19 L. 174 ; 4 R. 48 ; 11 A. 696 ; 12 A. 513 ; 14 A. 504 ; 20 A. 240 ; 27 A. 158 ; O. B. 52, 277. See, also, State vs. Falls, 32 A. 553; Wells vs. New Orleans, 32 A. 676 ; State vs. Judge Sixth District Court, 32 A. 549, in which this Court has expounded the constitutional provision (article 90) vesting it with a supervisory jurisdiction over inferior tribunals.

This case being appealable, the relators have an adequate remedy by appeal, and are not entitled to the interposition of the prohibitive authority of this Court in the case now before it. The Civil District Court, in consequence of the *suspensive* appeal granted from the order dissolving the injunction, had a right to consider the injunction operative, and to proceed to enforce it, by the infliction of fine and imprisonment. C. P. 131. The remedy of the relators consists in pleading to the jurisdiction by exception to the petition, in moving to dissolve the injunction, in eventually trying the merits, and showing that the remedy was wrongfully allowed. If justice is not done them in the lower court, and they claim that they are entitled to it, their next remedy will be by appeal to this Court, by which the differences between the litigants will have to be adjusted on the pleadings and the evidence.

It is, therefore, ordered that the preliminary restraining order herein made be rescinded, and that the application for a prohibition be refused at the cost of relators.