THE PEOPLE, ETC., EX REL. DOUGAN ET AL. V. THE DISTRICT COURT OF LAKE COUNTY.

1. The object of the writ of prohibition is to restrain subordinate *judicial* tribunals from exceeding their jurisdiction.
2. Where a city council, not being a judicial body, were proceeding to investigate the official conduct of their solicitor for the purpose of removing him from office, the power so to do having been vested in them by statute, *held*, that the district court had no jurisdiction to control the action of the council by the writ of prohibition; *also*, that the disobedience of the order by the council was not a contempt for which they could be arrested and punished, when the want of jurisdiction affirmatively appeared in the petition upon which the writ issued.

APPLICATION for writ of prohibition. The case is stated in the opinion.

Messrs. D. E. PARKS, A. W. RUCKER, D. J. HAYNES and H. B. JOHNSON, for the relators.

Messrs. THOMAS GEORGE and J. L. MURPHY, for respondents.

HELM, J. No argument is necessary to show that if petitioners are entitled to any relief in this cause, prohibition is the proper proceeding therefor. The court below has taken jurisdiction of the contempt case; it has tried petitioners and adjudged them guilty of contempt; it has deferred sentence, but threatens to pronounce the

same.   There is no final judgment subject to review in this court by appeal, by writ of error, or by *certiorari*. No imprisonment has followed a sentence pronounced, and relief by *habeas corpus* cannot be invoked.   Yet imprisonment may be a part of the sentence, and before aid could be given by this court after judgment, petitioners might be deprived of their liberty, and undergo several days' confinement.   A stronger case for this preventive relief, if the district court or judge is assuming a jurisdiction without legal right thereto, it might be difficult to find.

The city council of Leadville had preferred charges against the city solicitor, and were proceedings to consider the same.   They were acting in the manner provided by ordinance, and the ordinance was passed in accordance with law.   The solicitor was elected or appointed by the council, and held his office subject to removal by them for certain causes; among these causes are the ones specified in the charges preferred in the case before them, viz.: malfeasance and incompetency in office. The record, including the petition presented to the district judge, does not justify the conclusion that the council were assuming to act as a court and try the solicitor for the purpose of inflicting upon him, if found guilty, any other punishment than reprimand, suspension or removal from office.

The district judge, upon petition, granted an order commanding the members of the city council to show cause why a writ of prohibition should not issue, and directing that further proceedings by them be stayed until the hearing thereof.

The first question we deem it important to notice is that of jurisdiction in the court or judge to make the order above mentioned to show cause, and to stay proceedings.

The object of the writ of prohibition is to restrain sub-

ordinate *judicial* tribunals from exceeding their jurisdiction.    High Ex. Legal Rem. §§ 762, 784.

"It is used to confine inferior *courts*, in the exercise of their powers, within the limits fixed by law." *Leonard v. Bartels et al.* 4 Col. 95.

It will be observed that the tribunal to which the writ issues must be acting in a judicial and not merely an administrative or ministerial capacity.    See High Ex. Legal Rem. § 769; *Home Ins. Co. v. Flint,* 13 Minn. 244, and cases there cited.

The city council is not a judicial body; and it is doubtful if the legislature, under the constitution, could invest it with judicial authority.    In the case under consideration it was not acting or attempting to act in a judicial capacity.    The examination of charges preferred against the city solicitor, finding him guilty of malfeasance in office, and removing him therefrom, by the city council, was not the exercise of judicial power.    And this is true though the offenses charged may constitute causes of action cognizable by the courts.    See *Donahue v. The County of Will et al.* 100 Ill. 94.

The power of suspending or removing the solicitor was by statute and ordinance vested in the city council, and investigation into his official conduct, with a view to suspension or removal, was a proceeding entirely within their discretion and control.

We think the district court had no jurisdiction to control the action of the city council, and that this fact appeared sufficiently upon the face of the petition presented to it; and it follows that its order directing the council to desist from further proceedings was absolutely void. Was the disobedience of such order by the council a contempt for which they could be arrested and punished?

Upon this question there is some conflict of authority. A few cases are cited by counsel which seem to hold that disobedience of the process of a court is contempt, even

though the want of jurisdiction appears on the face of the pleadings. See *Passmore Williamson's Case*, 26 Pa. St. 20; *Ex parte Stickney*, 40 Ala. 160; *State of Louisiana ex rel. Follet et al. v. Rightor, Judge*, 32 La. Ann. 1182.

But we believe that the weight of authority is against this position. The later and better doctrine seems to be, that if the court has no jurisdiction of the action, and such fact affirmatively appears in the original petition or complaint, the process issued therein is absolutely void; and that disobedience of such void process, or of orders made in connection therewith, is no contempt.

The power of punishing for contempt is inherent in all courts. It is absolutely necessary that they should possess it, whether expressly given by statute or not; and when the court has jurisdiction of the class of cases to which the action belongs, unless a want of jurisdiction in the particular case affirmatively appears on the face of the complaint or petition, no error in rulings, no irregularities in the proceedings, will divest it of this power. We use the word *class* with reference to the subject matter, and not the form of action.

It will be observed from the foregoing that we do not take the broad ground that there is no power to punish any disobedience of orders of the court or judge, in all cases where it turns out during the proceedings, or at the conclusion thereof, that the action must be dismissed for want of jurisdiction. Sometimes days of patient investigation are consumed before the want of jurisdiction becomes apparent; during such investigation witnesses must appear and testify, and all interlocutory orders essential to the proper conducting thereof must be obeyed.

See generally on this subject the following additional authorities: *Ex parte Rowe*, 7 Cal. 181; *Dickey v. Reed*, 78 Ill. 261; *Coughlin v. Erhart*, 39 Mo. 285; *Batchelder v. More*, 42 Cal. 412; No. 3, Vol. 15, Cent. Law Journal, 42; *Perry v. Mitchell*, 5 Denio, 540; *Brennen v. Gaston*, 17 Cal. 375; *Wolton et al. v. Develling et al.* 61 Ill. 206.

We have made no effort to consider in this opinion all of the questions presented by counsel; neither have we attempted to discuss fully or exhaustively those touched upon herein. Sufficient has been said, however, to indicate that in our judgment this is a proper case for granting the relief prayed for.

Let the writ of prohibition issue accordingly.

---

BEATTY, AUDITOR, V. THE PEOPLE EX REL. THE REPUBLICAN PUBLISHING COMPANY.

On the 28th of December, 1882, the city council of the city of Denver passed an ordinance appropriating moneys to meet the expenses of the city for the fiscal year then next ensuing. On the 13th of February, 1883, the legislature passed an amended charter for the city, providing among other things that "the total amount of city warrants issued shall never exceed in any year the total net income of the city from taxes and other sources for the same year, after deducting from such income the amount required to meet and discharge pre-existing obligations of the city, except its bonded indebtedness." In answer to a writ of *mandamus* to compel the issue of a city warrant, the auditor alleged that on April 14, 1883, the amount of pre-existing indebtedness exceeded the total net income of the city for the fiscal year 1883. By the amended charter it was also provided that "nothing in this act shall in any measure affect or impair any proceeding had and done under the acts to which this is an amendment, or any rights or privileges acquired under said acts." *Held*, that the appropriation ordinance of December 28, 1882, was covered by the saving clause, and that it was not only lawful, but the duty of the auditor, to issue the warrant demanded.

*Error to District Court of Arapahoe County.*

MANDAMUS to compel W. R. Beatty, city auditor, to issue to the relator a warrant in payment of certain indebtedness due from the city of Denver for work done by the relator, the claim having been duly passed, and on the 5th day of April, 1883, allowed by the city council.