Helm, J.
No argument is necessary to show that, if petitioners are entitled to any relief in this cause, prohibition is the proper proceeding therefor. The Court below has taken jurisdiction of the contempt case; it has tried petitioners and adjudged them guilty of contempt; it has deferred sentence, but threatens to pronounce the same. There is no final judgment subject to review in this Court by appeal, by writ of error or by certiorari. No imprisonment has followed a sentence pronounced, and relief by habeas corpus cannot be invoked. Yet imprisonment may be a part of the sentence, and before aid could be given by this Court after judgment, petitioners might be deprived of their liberty and undergo several days confinement. A stronger case for this preventive relief, if the District Court or Judge is assuming a jurisdiction without legal right thereto, it might be difficult to find.
The city council of Leadville had preferred charges against the city solicitor, and were proceeding to consider the same. *490 They were acting in the manner provided' by ordinance, and the ordinance was passed in accordance with law. The solicitor was elected or appointed by the council, and held his office subject to removal by them for certain causes; among these causes are the ones specified in the charges preferred in the case before them, viz., malfeasance and incompetency in office. The record, including the petition presented to the District Judge, does not justify the conclusion that the council were assuming to act as a Court and try the solicitor for the purpose of inflicting upon him, if adjudged guilty, any other punishment than reprimand, suspension, or removal from office.
The District Judge, upon petition, granted an order commanding the members of the city council to show cause why a writ of prohibition should not issue, and directing that further proceedings by them be stayed until the hearing thereof.
The first question we deem it important to notice is that of jurisdiction in the Court or Judge to make the order above mentioned to show cause and to stay proceedings.
The object of the writ of prohibition is to restrain subordinate judicial tribunals from exceeding their jurisdiction. (High Ex. Legal Rem., Secs. 762 and 784.) “It is used to confine inferior Courts, in the exercise of their powers, within the limits fixed, by law.” (Leonard v. Bartels et al., 4 Colo., 95.) It will be observed that the tribunal to which the writ issues must be acting in a judicial, and not merely an administrative or ministerial capacity. See High Ex. Legal Rem., Sec. 769; Home Ins. Co. v. Flint, 13 Minn., 244, and cases there cited.
The city council is not a judicial body, and it is doubtful if the Legislature, under the constitution, could invest it with judicial authority. In the case under consideration it was not acting or attempting to act in a judicial capacity. The examination of charges preferred against the city solicitor, finding him guilty of malfeasance in office, and removing him therefrom, by the city council, was not the exercise of judicial power. And this is true though the offenses charged may constitute causes of action cognizable by the Courts. (See Donahue v. The County of Will et al., 100 Ill., 94.) The power *491 of suspending or removing the solicitor was by statute and ordinance vested in the city council, and investigation into his official conduct with a view to suspension or removal was a proceeding entirely within their discretion and control.
We think the District Judge had no jurisdiction of the class of cases involved in the prohibition proceeding before him, and it follows that his order directing the counsel to desist from further proceedings was absolutely void. Was the disobedience of such order by the council a contempt for which they could be arrested and punished ?
Upon this question there is some conflict of authority. A few cases are' cited by counsel which seem to hold that disobedience of the process of a Court is contempt, even though the Court has no jurisdiction of the class of actions wherein such process issued. See Passmore Williamson's Case, 26 Pa. St., 20; Exparte Stickney, 40 Ala., 160; State of La. ex rel. Follet et al. v. Righter, Judge, 32 La. Ann., 1182.
But we think the weight of authority is against this position. The later and better doctrine seems to be that, if the Court has no jurisdiction of the class of cases to which the action belongs, particularly wherethis fact appears in the original petition or complaint, the process issued therein is absolutely void, and that disobedience of such void process, or of orders made in connection therewith, is no contempt. We use the word class in the foregoing sentence and throughout this opinion with reference to the subject matter, and not the form of action or proceeding.
The power of punishing for contempt is inherent in all Courts. It is absolutely necessary that they should possess it, whether expressly given, by statute or not. And when the Court has jurisdiction of the class to which the particular action belongs, no error in rulings, no irregularities in the proceedings, will divest it of this power.
It will be observed from the foregoing that we do not take the broad ground that there is no power to punish any disobedience of orders of the Court or Judge in all cases where it turns out during the proceedings or at the conclusion thereof, that the action must be dismissed for want of jurisdiction. Sometimes days of patient investigation áre consumed before *492 the want of jurisdiction becomes apparent; during such investigation witnesses must appear and testify, and all interlocutory orders essential to the proper conducting thereof must be obeyed.
D. J. Haynes, D. E. Parks, PI. B. Johnson and A. W. Rucker, for relators.
George & Phelps, J. L. Murphy and Bartels & Blood, for respondents.
See generally on this subject the following additional authorities: Ex parte Rowe 7 Cal., 181; Dickey v. Reed, 78 Ills., 261; Crughlin v. Erhart, 39 Mo., 285; Batchelder v. Moore, 42 Cal., 412; No. 3, Vol. 15, Central Law Jour., 42; Perry v. Mitchell, 5 Denio, 540; Brennen v. Gaston, 17 Cal., 375; Wilton et al. v. Develling et al., 61 Ill., 206.
We have made no effort to consider in this opinion all of the questions presented by counsel; neither have we attempted to discuss fully or exhaustively those touched upon herein. Sufficient has been said, however, to indicate that in our judgment this is a proper case for granting the relief prayed for.
Let the writ of prohibition issue accordingly.