The ST. PAUL COMPANIES, INC., Appellant,

v.

Michael A. HATCH, Commissioner of the Minnesota Department of Commerce, et al., Alleghany Corporation, Respondents.

No. C5–88–2392.

Court of Appeals of Minnesota.

March 28, 1989.

Review Granted May 18, 1989.

James B. Loken, Jeannine L. Lee, Faegre & Benson, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Alan I. Gilbert, Peggy J. Birk, Asst. Attys. Gen., St. Paul, Thomas W. Tinkham, Leslie J. Anderson, David R. Abrams, Dorsey & Whitney, Minneapolis, for respondents.

Heard, considered and decided by FORSBERG, P.J., and PARKER, and KALITOWSKI, JJ.

OPINION

PARKER, Judge.

Appellant St. Paul Companies, Inc., challenges the trial court's October 25, 1988, judgment dismissing the action on the ground that the statute providing for de novo review is unconstitutional. We affirm the trial court and accept jurisdiction to review the matter pursuant to the MAPA.

FACTS

Respondent Alleghany Corp. applied to the Commissioner of the Department of Commerce, as required by Minn.Stat. § 60D.02, for approval to purchase 10 percent or more of the voting stock of St. Paul Companies (SPC). After conducting significant discovery, the parties participated in an administrative hearing. Based on the administrative law judge's recommendations, the Deputy Commissioner approved the application on the condition that additional approval be sought if Alleghany intended to acquire more than 20 percent of the stock.

SPC petitioned for review in Ramsey County District Court. Alleghany petitioned this court for a writ of certiorari, seeking direct review of the Commissioner's order. After this court granted the writ, SPC filed a notice of review and motion to dismiss or remand. We dismissed and discharged the writ on the ground that an appeal was premature because Alleghany's constitutional challenge of Minn.Stat. § 60D.12 had not been resolved. Alleghany moved to dismiss SPC's petition for review in Ramsey County District Court. The trial court dismissed, finding the statutory provision on de novo review unconstitutional and inseverable.

ISSUES

1. Is Minn.Stat. § 60D.12, subd. 1 (1986), unconstitutional on the ground that it violates the separation of powers doctrine set forth in Article III of the Minnesota Constitution?

2. Does this court have jurisdiction to review the Commissioner's order?

DISCUSSION

I

■ The interpretation of a statute is a question of law, and we need not defer to the trial court's analysis. *Driscoll v. Driscoll,* 414 N.W.2d 441, 445 (Minn.Ct.App. 1987). Statutes are presumed to be constitutional. *Wegan v. Village of Lexington,* 309 N.W.2d 273, 279 (Minn.1981) (citing *Guillams v. Commissioner of Revenue,* 299 N.W.2d 138, 142 (Minn.1980)). The power of the courts to hold the law unconstitutional is exercised only when absolutely necessary, and then with extreme caution. *Id.* A statute will not be declared unconstitutional unless the party challenging it demonstrates beyond a reasonable doubt that the statute violates some constitutional provision. *Id.* (citing *Head v. Special School Dist. No. 1,* 288 Minn. 496, 182 N.W.2d 887 (1970), *cert. denied, Minneapolis Federation of Teachers v. Spannaus,* 404 U.S. 886, 92 S.Ct. 196, 30 L.Ed.2d 168 (1971)).

Minnesota Constitution art. III, § 1, states:

The powers of the government shall be divided into three distinct departments: legislative, executive and judicial. No person or persons belonging to or constituting one of the departments shall exercise any of the powers properly belonging to either of the others except in the instances expressly provided in this constitution.

Minn.Stat. § 60D.12, subd. 1 (1986), states:

Any person aggrieved by any act, determination or order or any other action of the commissioner pursuant to sections 60D.01 to 60D.13 may appeal therefrom to the district court for Ramsey County. The court shall conduct its review without a jury and by trial de novo, except that if all parties, including the commissioner, so stipulate, the review shall be confined to the record. Portions of the record may be introduced by stipulation into evidence in a trial de novo as to those parties so stipulating or by either

party without stipulation where a witness is not available for trial.

■ The statute at issue provides for "trial de novo," which means that a case is to be tried as if it had not been tried before. *In re Matter of Branch A–38, JT Ditch No. 204*, 406 N.W.2d 524, 525 (Minn. 1987). A trial de novo constitutes an original proceeding, not an appeal in the traditional sense. The reviewing court is therefore permitted to substitute its judgment for that of the Commissioner. *See Stronge Lightner Co. v. Commissioner of Taxation*, 228 Minn. 182, 195, 36 N.W.2d 800, 807 (1949).

SPC argues that the de novo review provision does not violate the separation of powers clause because de novo review is historically accepted as a standard of review. SPC cites numerous drainage ditch, licensing, health administration and pollution control cases involving public policy and regulatory issues where the review was classified as "de novo." Alleghany cites extensive authority which disallows de novo review.

The cases cited by both parties, while supporting their respective positions, do not specifically address the meaning or application of de novo review in this case. A close reading of section 60D.12, subd. 1, indicates that the legislature intended to allow a trial de novo only as specifically defined therein. The statute allows a review confined to the record only upon stipulation of the parties. Absent mutual consent, the district court *must* begin anew.

The central issue is whether de novo review of the Commissioner's order involves a non-judicial function, rendering the delegation of such review to the judiciary unconstitutional.

A judicial function has been described generally as hearing a case pending between adverse parties, applying the law to the facts, and rendering judgment determining the rights of the parties. *In re Getsug*, 290 Minn. 110, 115, 186 N.W.2d 686, 689–90 (1971). In *State v. Brill*, 100 Minn. 499, 111 N.W. 639 (1907), the court engaged in a lengthy historical review of the separation of judicial powers from those delegated to other branches of government, noting:

> [A]s all departments derive their authority from the same Constitution, there is an implied exclusion of each department from exercising the functions of the others * * *. The Constitution of the United States does not in terms prohibit one department of the government from exercising the powers which are therein conferred upon either of the other departments, but federal courts have uniformly held that only judicial functions may be imposed upon the judiciary.

*Id.* at 506–07, 111 N.W. at 642.

The Minnesota Supreme Court in *State ex rel. McGinnis v. Police Civil Service Commission of Golden Valley*, 253 Minn. 62, 91 N.W.2d 154 (1958), derived the following tests for determining whether a given function is judicial or nonjudicial:

> One test * * * is whether the court could have been charged in the first instance with the responsibilty of performing that function. Another test is whether the function the administrative agency performs is one that courts historically have been accustomed to perform and had performed prior to the creation of the administrative body [which now controls the function].

*Id.* at 70, 91 N.W.2d at 159–60. *Brill* and *McGinnis* indicate that determination of a function as judicial or non-judicial has been carried out on a case-by-case basis. Thus, we are left with the task of applying the broad tests outlined above.

The Commissioner is explicitly charged with administering insurance laws. Minn. Stat. § 60A.03, subd. 2 (1986). Since the Commissioner's duties include consideration of the interests of the parties and the protection of the policy and security holders, we regard the function as protective and regulatory in nature. The judiciary has not been charged with carrying out functions of this nature in the first instance.

The Commissioner's role in this case is to carry out the provisions of Minn.Stat. §§ 60D.01–.13. This involves regulating

and restricting the acquisition of one insurance company by another company or person. Neither party disputes that a primary purpose of the law is to protect policyholders. The statute also protects insurers from takeovers. Before ruling on the application for acquisition, the Commissioner must consider all information necessary or appropriate for the protection of policyholders and security holders of the insurer or in the public interest. *See* Minn.Stat. § 60D.02, subd. 2(12) (1986). The Commissioner must also determine whether the acquiring party has established that the acquisition will not threaten the insurer's ability to satisfy license requirements, substantially decrease the insurer's competition or create a monopoly, and jeopardize the financial stability of the insurer or prejudice the interests of the policy and security holders. *See* Minn.Stat. § 60D.02, subd. 4(1) (1986). Historically, courts have not been accustomed to engage in such considerations.

In *Home Insurance Co. v. Flint*, 13 Minn. 244 (1868), an 1867 statute provided that it was the duty of the county attorney, upon complaint, to examine the financial condition of an insurance company to determine whether the company possessed the capital or assets required by law. Home Insurance sought a writ of prohibition to prevent the investigation. The court denied issuance of the writ on the ground that such a writ applied only to judicial action and the county attorney's duty is non-judicial. The court described a judicial function as follows:

> If the word is used in the ordinary and legal acceptance, clearly there is nothing *judicial* in the making of the examination and certificate required. * * * A judicial investigation proceeds after notice, and eventuates in a judgment, which is the final determination of the rights of the parties, unless reversed by an appellate tribunal. The necessity of notice in the inception, and the conclusive character of the determination, are perhaps as good a test as any other, as to what proceedings are judicial.

*Id.* at 246–47.

As the trial court noted, this case involves dispositive public policy issues which bring into play the regulatory, protective functions of the executive branch, not the resolution of a conflict between parties resulting in a final determination. Our review of the record indicates that the principle functions of the Commissioner are protective, supervisory and regulatory, the kind performed by the executive branch in the exercise of its police power. Delegating this function to the judiciary through de novo review of the Commissioner's decision violates the separation of powers clause of Article III of the Minnesota Constitution. Thus, we affirm the trial court's determination that the statute is unconstitutional.

■ SPC argues that even if the statute is unconstitutional when read as a whole, it is severable. Minn.Stat. § 645.20 (1986) states:

> Unless there is a provision in the law that the provisions shall not be severable, the provisions of all laws shall be severable. If any provision of the law is found to be unconstitutional and void, the remaining provisions of the law shall remain valid, unless the court finds the valid provisons of the law are so essentially and inseparably connected with, and so dependent upon, the void provisions that the court cannot presume the legislature would have enacted the remaining valid provisions without the void one; or unless the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

The statute read as a whole indicates that the primary purpose was to provide de novo review. Minn.Stat. § 60D.12, subd. 1, specifically provides for de novo review, assigns the review to the district court, omits any reference to the APA standards of review, and allows review on the record only upon consent of the parties. The language which provides for de novo review could not be severed because the remaining provisions, standing alone, would be incomplete and could not be applied in accord-

ance with legislative intent. Thus, the statute is not severable.

## II

■ SPC argues that if this court affirms the trial court on the issues of constitutionality and severability, then it is entitled to review on the merits because it has timely invoked this court's jurisdiction by the writ of certiorari and notice of review.

We agree. The original writ was discharged as premature because the issue of constitutionality had not been decided. The trial court has since ruled on the constitutionality, and the appeal is no longer premature. We therefore reinstate the writ of certiorari dated February 5, 1988, as well as the notice of review dated February 22, 1988. The appeal shall proceed according to the Minnesota Rules of Civil Appellate Procedure and the MAPA. The time for briefing, filing, etc., shall commence on the date of publication of this opinion.

## DECISION

We affirm the trial court's determination that Minn.Stat. § 60D.12, subd. 1 (1986), is unconstitutional on the ground that it violates the separation of powers clause of the Minnesota Constitution. The statute is not severable, because the legislature's primary purpose was to provide for de novo review and removing the provision calling for de novo review could not be accomplished without thwarting legislative intent. We accept jurisdiction over an appeal on the merits as set forth above.

Affirmed and appeal reinstated.