SNYDER v. COUNTY COMMISSIONERS OF BOULDER COUNTY
ET AL.

The law is too well settled to require argument or citation of authorities, that verbal agreements, understandings and conditions made contemporaneously with the execution of a written instrument cannot be shown to vary the terms of the written agreement.

*Error to District Court of Boulder County.*

THE facts are sufficiently stated in the opinion.

Messrs. WRIGHT and GRIFFIN and Messrs. OWEN and STIDGER, for plaintiff in error.

Mr. RICHARD H. WHITELY, for defendant in error.

STONE, J.    The board of county commissioners of Boulder county, one of defendants, sold to one L. P. Snyder certain lots in the town of Boulder, and conveyed the same by warranty deed.   Situate upon the lots was a building previously used for a jail, and containing certain iron cells or cages for the keeping of prisoners, and had been in use several years for such purpose.   At the time of the sale by the county to Snyder there was an agreement between them for the renting of said building to the county for the sum of $30 per month.   Two days after this conveyance the purchaser, L. P. Snyder, sold and conveyed the same premises to L. C. Snyder, the plaintiff, by like warranty deed as that executed by the county.   The county paid the rent aforesaid monthly to the agent of the plaintiff for nine or ten months, when

the said cells were removed from the building by one Pauley, the co-defendant, by order of the board of county commissioners, who converted them to their own use. These cells were put up in sections, riveted together, and in removing them they were taken apart by cutting the rivet, the water-pipes connecting with the wash-stands and water-closets in the cells were disconnected by cutting, as were also several rafters and ventilating-pipes overhead, and the roof raised to effect the removal of the cells. It was testified by one of the county commissioners that at the same time the sale and conveyance were made by the county there was a verbal agreement that the county should have the privilege thereafter of removing the cells, and that the purchaser, L. P. Snyder, agreed thereto, but no written memorandum or record was made of such agreement. The deed from the county, in addition to the usual warranty form, contained the following clause after the description of the premises, to wit, "including all improvements thereon;" and a like clause was contained in the deed to plaintiff. The plaintiff testified that he had no notice at any time previous to the removal that there was any agreement for such removal or reservation of the cells in question, nor ever heard of any such claim on the part of the county; that when he heard of the intended removal, he instructed his agent to serve notice of protest on the county commissioners against such removal, and it is admitted that the commissioners' journal shows that such written protest was served upon the board. The suit was for value of the cells or return of the property. The defendants had judgment below.

Upon this state of facts we have no hesitation in saying that the deed of the county conveyed to plaintiff's grantor the cells in question. That the cells were fixtures upon the property conveyed there can be no question. The jury were properly instructed upon this point. The law is too well settled to require argument or citation of authorities, that verbal agreements, understand-

ings and conditions made contemporaneously with the execution of the written instrument cannot be shown to vary the terms of the deed or written agreement. The testimony that it was agreed between the county commissioners and plaintiff's grantor that the cells were reserved from the sale, and might be removed by the former at their convenience thereafter, is not contradicted, and must be assumed as a fact; but this will not avail them as a defense, since they neglected to incorporate such reservation in the deed or in a contract of like binding effect.

Whatever liability might have been incurred by plaintiff's grantor arising out of his verbal agreement to a reservation of the cells, and his consent to their removal, such agreement and consent could not affect the plaintiff, without notice such as to create thereby a privity of contract. His recognition of the lease and the collection of rent carry a presumption of his knowledge of the proper terms of such lease, but such presumption cannot be extended to embrace a knowledge of a reservation of the cells and consent to their removal. And counsel for defendants even admits that the presumption which the court instructed the jury to consider did not conclude the plaintiff, since it was rebutted by the positive denial by plaintiff of any knowledge or notice of such agreement.

The court erred in admitting testimony to contradict the terms of the deed, and in giving the instruction on behalf of defendants touching the presumption above referred to, and for either of these errors the judgment should be reversed. The motion for new trial should have been allowed. The judgment is reversed and the cause remanded.

*Reversed.*