WILSON ET AL. v. BATES.

LAW OF THE CASE.

Matters decided by the court upon a first review are not open to question upon a second appeal or writ of error.

*Error to the District Court of El Paso County.*

Mr. HUGH BUTLER, for plaintiffs in error.

Mr. W. T. HUGHES, Mr. L. C. ROCKWELL and Mr. GEORGE N. HURD, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

This case, so far as it involved the rights and interests of the respective parties to the capital stock of The Woodmas of Alston Mining Company, which constitute the real subject-matter of the litigation, was considered by this court on an appeal from a judgment of the district court of El Paso county in favor of plaintiffs in error, rendered June 26, 1886. Upon that review, after an exhaustive examination of the

evidence and a thorough discussion of the law applicable to the facts established thereby, these rights were settled and determined. The judgment of the district court was reversed and the cause remanded, with directions to that court to enter judgment in conformity with the views therein expressed, and to proceed to an accounting between the parties.

On the 31st day of July, 1890, such decree was entered by the district court, and the cause was referred to a notary public to take and report evidence for the purpose of such accounting. Final judgment was rendered upon the evidence so taken on the 14th day of July, 1893. To review this judgment and the decree rendered July 31, 1890, the defendants prosecute this writ of error.

The questions presented by the first six assignments of error, and to which much of the very able argument of counsel for plaintiffs in error is directed, are not open for consideration upon this review, having been fully considered and settled in the opinion rendered upon the former appeal, and reported in 14 Colo. 140.

By these assignments it is sought to again put in issue the interest of defendant in error to any part of the capital stock, and her right to carry out and complete the contract of her husband, George C. Bates, and, upon performance thereof, to share in the surplus, if any there should be, after an accounting. In the former opinion the learned commissioner, speaking for the court, said:

"The contract being a valid one, and sustained by sufficient consideration, and having been entered into prior to the purchase, it necessarily follows that, when Gwynn and Moynahan conveyed their title to A. H. and R. W. Wilson, the property was acquired charged with a trust of which the three parties to the precedent agreement were beneficiaries. The subject of the trust was the property in controversy. The terms of the trust were settled by the contract. The rights of the beneficiaries to participate in the proceeds of the mines were dependent upon the performance of their several undertakings. Before Bates could participate in the

proceeds of the property, the defendants were entitled to receive the entire amount of money which they had advanced to pay the purchase price. When that sum had been realized by them, Bates was entitled to be reimbursed for the expenditure made by him in and about obtaining the patents and the satisfaction of the trust deed. The performance of these undertakings, however, were none of them to be conditions precedent to the acquisition of an interest in the enterprise. If, by the operation of the mines, a sufficient amount was realized to pay the amount advanced by the Wilsons, as cash payments, and the balance of the purchase price as it became due, they were clearly entitled to make that application. If, after the payment of those sums, there remained sufficient of the net proceeds to pay the expense of obtaining patents and the payment of the McBride trust deed, then Bates became entitled to such proceeds. * * * Performance of the several covenants and agreements made by them was not a condition precedent, but a condition subsequent, to the acquisition of an interest in the enterprise. It was a condition which did not affect the legal title of the parties, but their right to enjoy the equitable interest and benefits of the estate created by the contract. The agreement was not in the nature of a contract by the Wilsons to sell and convey to Bates an interest in the property. Bates acquired the interest as soon as the property was purchased pursuant to the contract." And in conclusion directed a decree which should contain, among other things, the following: " Such decree should be so framed as to restrain defendants from interfering with plaintiff in the exercise of her right as a stockholder of the defendant corporation, or from preventing her from making application for patents, in the name of and through the corporate organization, and should require defendants, as officers of that company, to execute all papers necessary in that behalf. It should provide for an accounting between the parties, upon which accounting, among other matters, all sums expended by defendants in the purchase of the property should be allowed, including the amount paid

to redeem from the sale under the foreclosure decree ; also all sums expended in the operation and development of the property. The amount paid by complainant to secure the certificate of sale should be allowed to her, unless already returned. The decree should also provide that, after United States patents have been obtained, all sums necessarily expended by Bates in his lifetime in that behalf should be allowed to complainant; that all further sums necessarily expended in obtaining the patents be charged against the interest of complainant; and that, after such accounting, the net proceeds of the property be divided between the parties according to their respective interests in the capital stock of the defendant corporation,—the interest of complainant being one third and that of defendants two thirds."

The court herein clearly recognizes the right of defendant in error to complete and carry out the contract of George C. Bates, and decides that upon the performance of his undertakings she shall be entitled to participate in the proceeds of the property. The court below, in its final decree, finds and adjudges that, at the time of the taking of the evidence upon the accounting, she had complied with and performed these conditions. Her right, therefore, to one third of the capital stock of the company, and to the profits accruing thereon, cannot be further questioned by plaintiffs in error.

The further assignments of error refer to the disallowance of numerous items claimed by plaintiffs in error, and to the allowance of certain amounts in favor of defendant in error, by the court below, upon the accounting between the parties. We deem it unnecessary to notice in detail the various items thus questioned, since, from a careful reading of the evidence, we are satisfied that the conclusions arrived at by the court below are just and equitable between the parties ; and we are clearly of the opinion that neither upon these assignments, nor upon the cross errors assigned by defendant in error, should the final judgment of the court below be disturbed. The judgment is accordingly affirmed.

*Affirmed.*