[No. 6569.]

THE FIRST NATIONAL BANK ET AL. V. SHANK.

1. APPEAL—*Law of the Case*—Where upon the first appeal the plaintiff's complaint is held to state a cause of action this is the law of the case.

2. PLEADING—*Answer*—*Plea in Confession and Avoidance*, must admit the allegations of the complaint which it assumes to answer. An answer which directs itself to an imaginary theory founded upon the defendant's construction of matters bearing no relation to the allegations of the complaint is vicious.

The complaint alleged that defendant delivered to plaintiff a promissory note which was described, with an endorsement thereof remaining thereon, with an agreement that this should be in lieu of a new endorsement, and that defendant should continue liable thereon. The defendant, a national bank, answered, alleging that its president, as trustee for the bank, held the note in, question, and two others executed by the same party, which the bank had transferred to a third person; that the president recovered a judgment upon all these notes, and assigned an interest in the judgment to the treasurer of the city, predecessor of the plaintiff, and that if at the time of this assignment any agreement was made or attempted whereby the bank should be liable as endorser on the note, the same was without consideration and an unlawful preference of plaintiff over other creditors (the bank being then insolvent), in violation of sec. 5242 of the Revised Statutes of the United States.

No such agreement as that so referred to in the answer was set up in the complaint. *Held*, that the answer, evading the averments of the complaint and setting up hypothetically a combination of facts differing as to time and place from those alleged in the complaint, was not responsive thereto, and was properly rejected.

3. CONTRACTS—*Construction*—A party may not be heard to question. the plain and obvious meaning of the words which he has advisedly employed.

4. ——*Construed*—An agreement to pay "all the liabilities" of an insolvent bank, "aggregating about $41,000," binds the promisors for a liability not shown by the books of the bank. The phrase, "all the liabilities * * * aggregating about" the sum named, makes positive the intention to assume all liabilities to the bank, whatever the amount.

5. MISTAKE—*Reformation of Writings*—Mistake in the legal effect of words intentionally used in a contract, is not available as a defense at law, nor as ground of reformation in equity.

6. APPEALS—*Evidence Incompetent When Rejected*—The rejection of evidence incompetent when it is offered is not error. If afterwards shown to be competent the offer should be renewed, in order to avail of the evidence.

7. TRIALS—*Cross-Examination of Witness*—How far the cross-examination of a witness may be carried beyond the field of a direct examination is largely in the discretion of the trial court.

8. ——*Special Interrogatories to Jury* are largely in the discretion of the court. Where the issues are fairly submitted and the special interrogatories requested would not have been of material assistance in determining the issue, it is not an abuse of discretion, to refuse them.

9. INSTRUCTIONS—*Refusal of Those Given in Other Words*, not error.

10. ——*Not Relating to the Issue*, are properly refused.

11. ——*Construction*—The charge of the court is to be considered as a whole.

12. ——*As to Amount of Recovery*—In an action upon a promissory note bearing interest, it is proper to charge that if the jury find for the plaintiff the verdict should be for the principal of the note with interest: The jury should not be left to indulge in a compromise upon the amount.

*Error to Ouray District Court.*—Hon. SPRIGG SHACKLEFORD, Judge.

Messrs. STORY & STORY, for plaintiffs in error.

Mr. THOMAS Y. BRADSHAW and Mr. T. W. EMERSON, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This cause was formerly before this court under the title of *Moore, Treasurer of the City of Ouray, v. The First National Bank of Ouray, et al.*, reported in 38 Colorado at page 336, where the substance of the amended complaint upon which the case was tried is set forth at considerable length. The action was brought by Moore, as the treasurer of the city of Ouray, against the bank as an endorser of a promissory note, and also against the individual defendants McClure, Hurlburt, and Stevens, whom it is alleged purchased the as-

sets of the bank and assumed its liabilities. The original judgment was for the defendants, it was reversed and the cause remanded for a new trial, after which, the present defendant in error having become treasurer of said city, was substituted as the plaintiff. At the first trial it was ultimately held that no cause of action was stated in the amended complaint against any of the defendants. This question was fully considered at the former hearing in this court, where this amended complaint was held good. By the former pleadings the issues to be tried were the truthfulness of the allegations contained in amended complaint, and as it was held good, we shall not attempt at this time to answer the attacks now made upon the former opinion; it became the law of the case upon the questions passed upon. By an amended answer the defendants attempted to plead certain new matters. Motions and demurrers were sustained to these additional defenses. The cause was tried upon the issue raised by denial of the allegations in the amended complaint. The verdict and judgment were in favor of the plaintiff for the amount due upon the note.

The evidence is quite extensive. It is earnestly contended by the plaintiffs in error that it was insufficient to support the judgment, while the contention of the defendant in error is to the effect that it is not only amply sufficient to sustain the findings, but of such a character that at the close of the evidence the plaintiff was entitled to an instructed verdict. Questions of facts similar to these may never again arise in this state, hence, we deem it unnecessary to consume the time in entering into a discussion of the evidence in order to analyze its effect sufficient for the purposes of embodying it in an opinion. Suffice it to say, that we have given it careful consideration and from a study of the record as a whole, we are of opinion that there is evidence upon all the material allegations sufficient to sustain them. Accepting the law upon the subject as laid down in the former opinion, we find no prejudicial error in this respect.

At the second trial the bank filed its amended answer wherein, in its third defense, it alleged, in substance, that it was a banking corporation organized under the laws of the United States; that on July 1st, 1893, it was indebted to divers persons and was insolvent, was compelled to and did close its doors and possession was taken by the comptroller of the currency; that, thereafter, nearly all of its creditors, in order to prevent the sacrifice of its assets, waived their right to demand immediate payment, and accepted in payment of their then claims certificates of deposit called resumption certificates, payable at stipulated periods (naming them) with interest, and having so agreed with its creditors, it, on October 17th, 1893, re-opened its doors and again continued to do business; that among its creditors was the treasurer of the City of Ouray, who had on deposit $5,259.85 and who received such resumption certificates therefor. It then alleges that prior to November 1st, 1893, the bank disposed of sufficient of its assets to pay most of the resumption certificates falling due upon that date, certain of which payments were made to this treasurer; that thereafter and prior to March 1st, 1894, it became evident that it was, and would continue to be, insolvent, which was known to its creditors, including the plaintiff; that it would be unable to pay its resumption certificates falling due March 1st, 1894, and would be compelled to again close its doors unless it could exchange some of its assets for such outstanding certificates; that among its assets were three promissory notes executed by The Milwaukee Mining Company, payable to the order of J. A. Hinsey and endorsed by the said Hinsey, one of said notes being for $850.94, one for $3,500 and one for $5,000, which last note is the note mentioned in plaintiff's complaint; that the title to said note stood in the name of L. L. Bailey, who was the president of this defendant corporation and who held the same solely in trust for the defendant; that on May 19th, 1893, each of said notes being past due, Bailey commenced an action thereon against said company; that in the action a writ of attachment was issued

and levied upon property belonging to The Milwaukee Mining Company, believed to be worth many times the face value of said notes; that on December 30th, 1893, this defendant sold said notes for $850.94 and $3,500 to one Thomas Osborne, receiving in exchange therefor certain resumption certificates issued to Osborne and his wife; that on February 24th, 1894, all of said notes were offered in evidence and filed with the papers in the action brought by Bailey against The Milwaukee Mining Company, and judgment was thereupon given on the said notes, in said action, in the sum of $11,039.44, and in said judgment the note in the complaint mentioned, the debts secured thereby, and the interest of this defendant and of the said L. L. Bailey therein were merged, save so far as the payment of said debt was guaranteed to this defendant by the endorsement of the said J. A. Hinsey; that the judgment so rendered in favor of Bailey was held by him, as to the sum of $5,922.50 for the sole use and benefit of this defendant, said sum being the amount of said note for $5,000 with interest thereon; that as to the remaining sum, $5,116.94, said judgment was held by Bailey for the use of said Osborne, the then owner of the two other notes, all of which the City of Ouray and its treasurer had full knowledge; that at the time of the entry of said judgment there was due upon the unpaid resumption certificates then held by Jordan as treasurer, the sum of $4,980.04; that on said day the said Jordan treasurer, in exchange for the assignment hereinafter recited, surrendered to this defendant for cancellation all of the unpaid resumption certificates held by him, and the same were duly cancelled and marked paid. Thereupon the said Bailey, in execution of the trust imposed upon him, and by and with the consent of Osborne, entered on the judgment docket the following assignment of said judgment. Then follows a copy of an alleged assignment of this alleged judgment, part to each the City of Ouray, Thomas Osborne, and The First National Bank of Ouray. It is then alleged that by proper entries upon the banking books that this $5,000 note and the interest thereon

were shown to have been merged in a judgment, and a portion of said judgment to have been exchanged in payment of all resumption certificates issued and then outstanding in the name of said Jordan. After this history of this defendant's supposed theory of this transaction the answer concludes with the following:

"That if at the time the said Jordan treasurer, surrendered said resumption certificates for cancellation and received the assignment of the judgment above recited, any agreement, expressed or implied, was made or attempted to be made whereby this defendant was to be liable as endorser on the note in the complaint mentioned, such agreement was wholly without consideration received by this defendant; was attempted to be made at a time when this defendant was unable to meet its obligations as they matured and was hopelessly insolvent; that such an agreement if made necessarily gave and was made with a view of giving a preference to the said City of Ouray over the other creditors of this defendant. That no officer of this defendant had authority to make any such agreement; ;that the same if made was in violation of section 5242 of the Revised Statutes of the United States and was and is utterly null and void, of all of which the said City of Ouray and the said Jordan, as treasurer, had full knowledge."

A motion was sustained in part, and a demurrer to the balance, of this alleged defense.

It appears to be conceded that the substance of this entire third and separate defense (except that attempted in the last paragraph) states no defense to the cause of action set forth in the complaint not covered in other portions of the answer. As to this last paragraph, it will be observed first, that the defendant has not alleged the existence of an agreement such as is set out in this answer. The substance of the complaint is an exchange of certain papers, with an agreement pertaining thereto made contemporaneous with the exchange. As shown by the complaint, the liability of this defendant

rests upon the fact of the delivery of the note with the endorsement advisedly left thereon, in pursuance of an agreement then made that this should be done. This defense ignores the substance of the complaint instead of answering the allegations that this defendant assigned, transferred and delivered the note with its former endorsement remaining thereon with the agreement that this should be in lieu of a new endorsement, and the bank continue liable thereon. It fails to mention the whole issue, but makes up a new and different combination of facts assumed to have occurred at a different time and place, and charges that if such occurred the transaction thus consummated was void.

Counsel for the plaintiffs in error contend that the substance of this third amended defense is a plea in confession and avoidance, the avoidance being the effect of the national banking act upon the facts; if it were such it would be necessary to pass upon the question which they seek to eject therein, but we cannot agree with this position. The statement "that if at the time the said Jordan, treasurer, surrendered said resumption certificates for cancellation and received the assignment of the judgment above recited, any agreement, expressed or implied, was made or attempted to be made whereby this defendant was to be liable as endorser on the note in the complaint mentioned," etc., does not refer to any allegation in the complaint, and if admitted is not an admission of anything contained in the complaint. There is no allegation in the complaint that the said Jordan, treasurer, surrendered the resumption certificates in exchange for and received the assignment of the judgment in lieu thereof, or that there was an agreement that he should do so. This statement wherein the word "if" is included does not touch the plaintiff's case, as alleged, nor as proven, it is not in any sense a confession of any statement of fact alleged by the plaintiff, and hence we are unable to perceive where a confession and avoidance plea can be entered which does not make any confession or admission of the facts stated in the plaintiff's complaint, and proven at the trial.

If it can be said to be in answer to anything, it is to an imaginary theory of this defendant's own construction of some immaterial matter set forth by it bearing no relation to the time, place or facts alleged in the complaint; so far from pleading to the matters alleged in the complaint it pleads away from them instead of answering the allegation that this defendant assigned, transferred and delivered the note with its former endorsement remaining thereon, etc., in exchange for the certificates; it dodges this whole issue and makes up a new and different combination of facts hypothetically assumed to have occurred at a different time and place and charges that if such occurred the transaction thus consummated was void, there being nothing in this defense which admits and avoids or denies the material allegations of the complaint. We are of opinion that the court committed no error in sustaining a demurrer thereto.

By their amended answer, the defendants, McClure, Hurlburt and Stevens, plead two separate defenses in which, in giving the history of the transfer of the assets of the bank to them, they admit the making of the proposition referred to in the former opinion and its acceptance by the bank wherein, in consideration of the transfer to them by the bank of all its assets, they assumed and agreed to pay all its liabilities aggregating, as stated, about $41,000. They then allege that they had no knowledge of the bank's liability upon this note, if in fact the same existed; but on the contrary, that this note was shown by the bank's books of account to have at one time been an asset of the bank, but to have been paid on or about the 26th of February, 1894. Further, that in pursuance of such proposal and representations by the officers of said bank, and after an examination by them of the books of the bank, these defendants accepted such proposal, but that the said offer by them referred solely to the liabilities of the bank shown upon its books, exclusive of liabilty to stockholders and outstanding circulation. They further allege, that the agreement on their part to assume and pay all the liabilities of the bank

was induced solely by the representations made by the bank as aforesaid; that if the bank was, at the time of such negotiations, liable to plaintiff as endorser upon the note herein sued upon, and if the officers or stockholders of said bank, when they negotiated the sale to these defendants, had knowledge of such liability, such fact was fraudulently concealed from these defendants, and the liabilities of said bank and the true amount thereof was by mistake or fraudulently misrepresented to them; that they did not in fact agree to assume or pay off the alleged liability of the bank sued upon in the contract. A demurrer was sustained to these defenses; we think properly so.

The gist of this pleading is based upon what the pleader seemed to believe was a mutual mistake in the making of the contract between the bank and the individual defendants, or if the bank knew, by it not disclosing all its liabilities. By paragraph 1 of the complaint, the truth of which is admitted, it is shown that these individual defendants made this proposition to the bank, which was thereafter authorized and accepted by the bank at a meeting of its stockholders. Having admitted the making of this proposition and the acceptance thereof by the bank, these defendants (under the law of the case as announced in the former opinion) are holding, and their statements of antecedent parol agreements can not be shown for the purposes of varying the terms of their admitted written contract.—*Snyder v. County Commissioners,* 8 Colo. 377; *Randolph v. Helps,* 9 Colo. 29.

In addition it will be observed that there is no fraud or mistake plead and none is claimed to have occurred, except upon the hypothetical basis that if the agreement shall be held to include the alleged liability to plaintiff, it does not then show the agreement actually made. It is not alleged that the bank withheld any information from them, nor is it claimed that the bank represented or guaranteed the limit of its liabilities or that there were none in dispute.

These defendants cannot be heard to deny that they intended to do the very thing which the plain and unambiguous language of their admitted contract says they will do. If they had desired to limit their liability to the amount shown upon the books of the bank they should have made their contract so read. That the reverse was intended is shown by the language used wherein they agree to assume and pay all the liabilities of the bank aggregating *about* the sum of $41,000. This language makes positive the intention to include *all* the liabilities, but leaves indefinite the *amount* by using the word *about* and by not otherwise limiting the amount of such liabilities or stating specifically the items that went to make up the aggregate. A party cannot be heard to question the plain and obvious meaning of language he advisedly employs.—*Boyd v. Liefer,* 77 Pac. (Cal.) 953.

By this defense it was sought to have the court set aside the contract which they admit having made and substitute one which they make no claim to having made. This cannot be done. This so-called plea of fraud or mistake is merely an attempt to place a construction upon the contract and does not contain a statement of any facts showing the contract to be different from that which the parties intended. A mistake as to the legal effect of the contract where the language used is such as intended, is not available as a defense at law nor grounds for reformation.—*Andrus v. Blazzard,* 63 Pac. (Utah) 888.

There was no issue that the contract does not contain the stipulation of the parties.—*Power & Brother v. Turner,* 97 Pac. (Mont.) 957. The demurrer was properly sustained to this alleged defense.

The defendants complain to the rejecting, as evidence, of the third and fifth paragraphs of the amended complaint wherein it is alleged that the action was brought by the plaintiff as trustee for and on behalf of the city of Ouray and certain other persons. (This portion of these paragraphs was thereafter, by permission of the court, eliminated from the

complaint.)   The defendants cite the cases of *Crater v. Mc-Cormick,* 4 Colo. 196, and *Dodge v. Chambers,* 43 Colo. 366, to support their contention that admissions and averments made and sworn to in a complaint, admitted in the answer, are binding upon the plaintiff throughout all subsequent stages of the case.   It is claimed that these allegations would tend to prove that the city treasurer, as trustee for the city, did not hold the entire interest in the note, but to the contrary, rather, that a certain interest therein was still left in the First National Bank.   We have no contention with these authorities, but fail to perceive where they are applicable to the issues in this case.   The statement as to who the others were is not explained in the complaint, and the defendants did not by motion or otherwise ask to have it explained or made more specific in the pleadings.   The evidence tends to establish that Jordan as treasurer became the sole owner of the note, for the use and benefit of the city of Ouray in exchange for his refunding certificates.   There was no allegation in the pleadings that the bank had only transferred to the city treasurer a part interest in the note, or that it was still a part owner or holder therein.   The defense by the bank was a denial of the sale and delivery of the note, or any legal liability against it by any endorsement thereon, or otherwise; so that the evidence offered in the way of these paragraphs of the complaint was entirely immaterial to the issues then being tried.   It is not error to reject offered evidence which is incompetent at the time it is offered, even though it may thereafter become competent by virtue of certain matters thereafter being done.   It should then be offered again.—*Tritch v. Perry,* 48 Colo. 339.   As stated by this court in the case of *Dodge v. Chambers, supra,* "Proof must be within and support the allegations of the pleadings."   We find no error in this ruling.

We have carefully examined the other numerous assignments pertaining to the admission and rejection of evidence; much of that refused was entirely irrelevant to the issues being tried.   The substance of many of the questions asked had been

theretofore answered by the witnesses; other questions to which objections were sustained were thereafter allowed to be answered. The extent to which a cross--examination can be carried after the field traversed by the direct examination has been covered, rests largely in the discretion of the trial court. We do not think there was any abuse of this discretion although several times exercised.

Numerous errors are assigned pertaining to the instructions. That portion of No. 1 given, complained of, referring to the effect of the bank's endorsement on the note, is in harmony with the law of the case as laid down in the former opinion.

The material substance of instructions Nos. 1, 4 and 5 offered by the defendants and refused were covered by other instructions given. Instruction No. 3 offered by the defendants and refused did not pertain to any portion of any issue being tried in the case. The substance of instruction No. 2 given, was to the effect that the possession of a promissory note was *prima facie* evidence of its ownership and that if the jury believed from the evidence that Bailey delivered the note to Jordan in exchange for the city certificates, they must return a verdict for the plaintiff. It is elementary that instructions are to be considered as a whole; when this one is considered in connection with the others given we fail to find any objection to it.

By the fifth instruction given (complained of) the jury were told, in substance, that if they found for the defendants the amount of the verdict should be the face value of the note with the interest as therein called for. We are unable to conceive of any tenable objection to this instruction. The issues as made up by the pleadings were the ownership of this note and the defendants' liability for its payment. If they were holding for its payment and the jury so found, the amount due was a matter of mere calculation and should not be left to a jury to arrive at in the way of a compromise as to the amount due, when the instrument speaks for itself upon that question.

Complaint is made to the court's refusal to submit to the jury special interrogatories requested by the defendants. We find no error in this respect. The issues were fairly presented to the jury by the court's instructions and we cannot see where the submission of special interrogatories would have been of any material assistance in determining the question. In any event such a matter is largely in the discretion of the trial court and we cannot say that it was abused.—*Denver Electric Co. v. Simpson*, 21 Colo. 371; *City of Denver v. Teeter*, 31 Colo. 487.

We have carefully considered all matters presented in the forty-eight assignments of error urged in this case. To answer them all would unnecessarily prolong an already too lengthy discussion of the real issues involved. Accepting the former opinion as the law of the case upon all questions therein covered, when the record is considered as a whole, we fail to perceive any error of sufficient prejudice to justify a reversal.

The judgment is affirmed.                    *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.

Decided January 6, A. D. 1912. Rehearing denied December 9, A. D. 1912.