No. 14,514.

GINSBERG ET AL. *v.* BENNETT ET AL.

(104 P. [2d] 142)

Decided June 17, 1940.

Messrs. SILVERSTEIN & SILVERSTEIN, Mr. G. DEXTER BLOUNT, for plaintiffs in error.

Messrs. BENEDICT & PHELPS, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS cause, a suit for accounting, previously was before us as case No. 13,883, *Ginsberg v. Bennett,* 101 Colo. 121, 71 P. (2d) 419. Therein, for reasons stated in the opinion which also recites the facts generally pertinent to the controversy, we remanded the cause for further proceedings to determine the propriety of the inclusion of certain items of expense in the account submitted by the defendants. When the matter came on for hearing in the district court after the remand, defendants offered in evidence a new itemized statement, the accur-

acy of which was not questioned, showing the amounts of the collections and disbursements of rental during the entire period, and disclosing a substantial deficiency in receipts. Defendants then rested and the plaintiffs introduced the entire transcript of the record heretofore before us in Case No. 13,883, supra, and a new exhibit purporting to be a copy of the advertisement of the public trustee's sale. No further evidence was offered by either party.

From such evidence the trial court determined that even after the elimination as credits of the items questioned in our opinion, the rental receipts, to the extent of $7,559.60, had failed to cover the legitimate disbursements, as a consequence of which there was no surplus for distribution to the plaintiffs. Accordingly the district court, consistently with our mandate, dismissed the action against defendants at plaintiffs' costs. Plaintiffs here assign error to such judgment.

Every question now raised by plaintiffs was presented in their original briefs and motion for rehearing in Case No. 13,883, and therein were determined adversely to them. Under such circumstances it is not permissible to resubmit questions previously decided in the former proceeding in error, since the opinion therein and the judgment entered in conformity therewith constituted "the law of the case," which must control. 5 C.J.S., p. 1267, §1821. See, also, *Trinchera Ranch Co. v. Trinchera Irr. Dist.*, 89 Colo. 170, 300 Pac. 614; *Zambakian v. Leson*, 79 Colo. 350, 246 Pac. 268; *Southard v. People*, 74 Colo. 67, 219 Pac. 218; *Ownbey v. Silverstein*, 71 Colo. 112, 204 Pac. 332; *First Nat. Bank v. Shank*, 53 Colo. 446, 128 Pac. 56; *Wilson v. Bates*, 21 Colo. 115, 40 Pac. 351; *Routt v. Greenwood Cemetery Land Co.*, 18 Colo. 132, 31 Pac. 853; *Grand Lodge A.O.U.W. v. Taylor*, 24 Colo. App. 106, 131 Pac. 783.

The judgment is affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Francis E. Bouck not participating.