No. 24293

**Francis J. LaBlanc v. The People of the State of Colorado**
(493 P.2d 1089)

Decided February 14, 1972.

Francis J. LaBlanc, pro se, as to the opening brief.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Michael T. Haley, Assistant, Tennyson W. Grebenar, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

There is here involved a writ of error from denial of motions made under Colo. R. Crim. P. 35(b). We affirm.

In two separate cases, involving separate victims, the defendant (plaintiff in error here) was convicted of rape and burglary. These will be referred to as Case A and Case B. Case A was before this court in *LaBlanc v. People,* 160 Colo. 575, 418 P.2d 888 (1966). Case B is *LaBlanc v. People,* 161 Colo. 274, 421 P.2d 474 (1966). An affirmance of the denial of the 35(b) motion in Case A is partially dispositive of the denial in Case B. Therefore the principal discussion in this opinion will be concerning Case A.

### CASE A

The victim in Case A testified that at approximately 4:00 a.m., on April 12, 1964, a man broke into her apartment and forcibly raped her. About two months following the attack, she identified the defendant in a police line-up in which he wore jail coveralls and the other men wore street clothes.

She testified at trial that following the line-up she asked Detective Shively of the Denver Police Department if she might speak either to him or to the defendant for a minute.[1] The record contains testimony to the following effect:

She entered Shively's office. Upon being asked whether he recognized her, the defendant replies "Yes; she looks familiar. . . . She is the one whose boy friend drives the white Lincoln." She asked defendant if he knew why he did this thing. According to Shively, "His answer to her was that he

---

1. The record is unclear as to whom she wished to speak. She merely testified that "he [defendant] was already in the office, and I had asked Detective Shively if I could speak with him for a minute."

guessed he was sick; that people like him should be in the hospital."

The defendant testified that he had requested an attorney prior to the line-up and to the conversation in Shively's office. It is implicit in the trial court's findings in the 35(b) proceedings that the trial court did not believe this testimony. There is adequate testimony to support the trial court's conclusion as follows: "The failure to show that there was a definite request and an affirmative denial of a right to see a client removes this case from the doctrine advanced in the above matter." [*Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977 (1964).]

Our opinion in Case A (160 Colo. 575) stated:

"It is argued by counsel for the defendant that admission of the foregoing testimony was reversible error. *Escobedo v. Illinois.* . . . is relied on as authority for the point urged.

"We think it sufficient to say that the facts involved in the instant case and those presented in Escobedo are clearly distinguishable. In the main, the statements made by the defendant in the case at bar were not made in a process of interrogation that lends itself to eliciting incriminating statements."

The defendant filed a habeas corpus action in the United States District Court. The opinion after hearing is to be found as *LaBlanc v. Patterson,* 294 F. Supp. 607 (1968). In that hearing an attorney, Jacob L. Sherman, testified. Mr. Sherman had not testified previously in the case, nor is there any reference to him in any of the records of Case A and Case B.

The following is contained in the opinion of the United States District Court:

"It is not for this Court to prophesy what the state trial court or the Colorado Supreme Court would have done had they had before them the testimony of Mr. Sherman; but for this Court to determine, at this time, this portion of the Petition on its merits would allow the petitioner to bypass the state courts in violation of the requirement of Section 2254

requiring the petitioner to exhaust his state remedies before seeking relief here.

"The Court in the circumstances of this case, finds that to exhaust his state remedies, petitioner is required to present to the state courts, essentially the same evidence which he presented to this Court. Rule 35(b) of the Colorado Rules of Criminal Procedure appears to be available for this purpose. "It is therefore ordered that the Petition be and the same is hereby denied without prejudice to the right of the petitioner to apply to the courts of the State of Colorado for relief."

A few months following the announcement of the United States District Court opinion, the defendant commenced the 35(b) proceedings. In them, Mr. Sherman testified to the following effect: that he was contacted by the defendant's wife or mother and asked to go see the defendant, who was in jail; that later he went to the jail to see what the matter was all about; that he wasn't hired at that time, but went to the jail to see if he would take the case in the event that he were sufficiently compensated; that upon arriving at the jail he asked to see the defendant; that he was told that he could not see the defendant at that moment, and was asked to wait; that the police informed him that he could see the defendant within an hour; that he left because he had other commitments, but came back to see the defendant either later that day or the next day, and was allowed to see the defendant immediately; and that he did not represent him.

■ We point out that this case was tried before the decision in *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), which is not retrospective in operation. *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882 (1966).

I.

■ The line-up and the trial took place in 1964, subsequent to the announcement of *Escobedo, supra,* in 1964, and prior to the 1967 announcements of *United States v. Wade,* 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149; *Gilbert v. California,* 388 U.S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178; and *Stovall v. Denno,* 388 U.S. 293, 87 S. Ct. 1967,

18 L. Ed. 2d 1199. None of these cases is retrospective in application. Under *Stovall,* a line-up held prior to the announcement of the latter three opinions need not be held unconstitutional unless it was so suggestive as to be violative of due process of law. It has not been suggested here that the line-up was suggestive to that extent, and we hold that it was not.

## II.

■ The testimony of Mr. Sherman did not disclose any violation of defendant's constitutional rights to counsel under *Escobedo.* We are bound by the finding of the trial court to the effect that it disbelieved the defendant's testimony that he requested an attorney. Mr. Sherman was never engaged as counsel in this matter. We conclude, therefore, that there is nothing in Mr. Sherman's testimony to change the ruling of this court in Case A that *Escobedo* is clearly distinguishable and that the statements made by the defendant were not made in a process of interrogation that lends itself to eliciting incriminating statements. The opinion of this court in Case A is the law of the case, except as to any change that might have been wrought by the testimony of Mr. Sherman. *Ginsberg v. Bennett,* 106 Colo. 285, 104 P.2d 142 (1940).

## III.

■ Defendant, relying on *Wade,* contends that his Sixth Amendment rights were violated when he was placed in police line-ups without the presence of counsel. *Stovall v. Denno, supra,* held that the rule as to the right to counsel at line-ups announced in *Wade* and *Gilbert* has application only to cases involving confrontations for identification purposes conducted in the absence of counsel after June 12, 1967.

## CASE B

The nature of the burglary and rape in Case B was similar to that in Case A. No question is raised here as to the line-up at which the victim in Case B identified the defendant. The other two assignments of error in Case A are dispositive as to Case B.

## IV.

The only other assignment of error in Case B which we deem worthy of comment is that the defendant was denied the effective assistance of trial counsel. The defendant has presented three instances of supposed ineffectiveness of counsel as follows:

1. Failure to obtain the statement given the police by the victim as to a tattoo on the defendant's arm, which was referred to in the identification of the defendant.

2. Failure to cross-examine the victim about her ability to see the tattoo when the rape was committed in the early morning hours.

3. Failure to place the defendant's wife on the witness stand to testify that they had been married for two years and that the defendant had prowess as to sexual intercourse, when the victim testified that the defendant appeared to be inexperienced in this particular.

The defendant's attorney in fact did cross-examine the victim quite vigorously concerning her ability to see the tattoo. As to the other two matters, it should be said initially that the constitutional right to assistance of counsel is not a guarantee against mistakes of strategy and judgment in the course of a trial. *See Evans v. People,* 175 Colo. 269, 486 P.2d 1062 (1971), and cases cited therein. Petitioner's counsel was a trial attorney of long experience. The defendant has failed to demonstrate that counsel was guilty of palpable malfeasance, misfeasance or nonfeasance. *Valdez v. District Court,* 171 Colo. 436, 467 P.2d 825 (1970). We agree with the trial court that the defendant's constitutional rights in this particular were not violated.

## V.

We regard the other points presented by the defendant as not meriting comment.

Judgment affirmed.

MR. JUSTICE ERICKSON not participating.