MR. JUSTICE GROVES
delivered the opinion of the Court.
The trial court denied the motion of the irrigation company to modify, correct or amend a water adjudication *375 decree on the grounds of res judicata. We affirm in part and reverse in part.
Related litigation between these parties was here as Montezuma Valley Irrigation Company v. Wilkerson, 167 Colo. 192, 446 P.2d 703 (1968). Some discussion of the facts and issues in that case is a necessary preliminary to this one. The irrigation company derives its water in Water District 34 in the Dolores River drainage. Part of its water delivery system, carrying Dolores River water, proceeds through Water District 32, in the San Juan River drainage. A portion of this system in District No. 32 uses the Rocky Ford arroyo as a lateral.
Commencing in about 1959 the defendant Wilkerson began taking water from a headgate on the arroyo. In 1961 the plaintiff brought an action to enjoin this diversion. A general adjudication proceeding in District 32 had been pending for many years. In 1950 the defendant had filed a claim in the water adjudication for water, allegedly appropriated by him in 1909 from the natural flowage in the arroyo. He obtained a decree under this claim in 1962. In the injunction action the irrigation company disputed the fact of appropriation by the defendant and also asserted that the defendant lost any rights by abandonment or adverse user. The defendant claimed that the irrigation company had not used the arroyo by the time the defendant’s predecessors in interest made their appropriation, to which assertion the irrigation company took issue.
The irrigation company contended that the water being taken by the defendant wa.s District 34 or Dolores River water, while the defendant claimed that the water being taken was from the San Juan drainage, or District 32 water. The irrigation company had all its decreed rights in District 34 and contended that this was the district in which the defendant should obtain a decree. Not having decreed priorities in Water District 32, it was given no notice of the defendant’s claim in that water district. Apparently, the irrigation company first learned of the defendant’s decree when it was pleaded in the injunction action. The irrigation *376 company then filed its motion to modify, correct or amend the decree under C.R.S. 1963, 148-9-17 (the 4-year statute relating to opening of decrees at the behest of someone having decrees in another water district).
The main thrust of the trial court’s decision in the injunction action was that the irrigation company could not collaterally attack the defendant’s decree and, therefore, it could not enjoin defendant’s use under the decree. Mr. Justice McWilliams in the 1968 opinion affirmed. In the opinion he indicated that better procedure would have been first to have a determination of the motion attacking the defendant’s decree before proceeding with the injunction action. The opinion further stated that, should the irrigation company prevail in setting aside the defendant’s decree, nothing contained in the opinion should be construed as barring the water company from instituting another injunction action.
The water company then called up for hearing its motion in the adjudication proceeding, attacking the defendant’s decree and, as indicated, the court denied the motion on the ground that all material issues raised had been adjudicated by the trial court in the injunction action. It is from that denial that this writ of error was sued out.
Mr. Justice McWilliams concluded his opinion as follows: “[The irrigation company] also contends that assuming for the sake of argument that defendant did have the right to divert from headgate No. 1 on the Rocky Ford, such right had been abandoned by the defendant and he was somehow now estopped from asserting his right. The trial court found, however, that the [irrigation company] had failed to establish abandonment or estoppel, and its finding on these issues under the circumstances must be upheld. Certainly the testimony bearing on these issues, and more particularly the inferences to be drawn therefrom, posed issues of fact to be resolved by the trial court, and its findings should not now be disturbed by us.”
We must hold that it is the law of the case that a determination regarding abandonment and estoppel has been *377 •made, and that these matters are res judicata. Ginsberg v. Bennett, 106 Colo. 285, 104 P.2d 142 (1940). Abandonment and estoppel cannot be asserted in the attack on the defendant’s decree.
The conclusion by the trial court in the injunction action that the water company had failed to prove adverse possession is likewise res judicata. With the basic foundation of the defendant’s decree with priority of 1909, the issues of abandonment, estoppel and adverse possession properly could be raised in the injunction action. It might be argued that, since the thrust of the trial court’s and this court’s decisions was that one cannot attack an adjudicated decree collaterally, the trial court should not have passed on these other issues. The fact remains, however, that the trial court did pass on these other issues and we affirmed. We therefore hold that the irrigation company has had its day in court as to these issues.
We find ourselves unable to agree with the trial court in its conclusion that, under the judgment in the injunction action, the matter of the appropriation of water in 1909 by the defendant’s predecessors in title became res judicata. We have again reviewed the record in the injunction action. There, under stipulation of the parties, the decree in the water adjudication was before the court. There was no other evidence to support the finding that the appropriation was made as stated in the adjudication decree. The result is that that finding had to be predicated upon the adjudication and decree itself. As was held, that decree could not be collaterally attacked. By the same reasoning, it could not be collaterally upheld. It must be tested under the statutory processes for reopening decrees. The matter of whether or not defendant’s predecessors made a valid appropriation of water is subject to review under C.R.S. 1963, 148-9-17.
The issue to be tried here is narrow and simple. The water district contends that its only appropriation has been from the Dolores River, that the defendant is taking its Dolores River water, and that any rights of the defendant should be adjudicated in District No. 34. The defendant contends that *378 his rights are predicated upon an appropriation of San Juan watershed water flowing in the arroyo, presumably prior to the time that the irrigation company started to use it. This issue can be tried. If the irrigation company prevails, it can bring an action to enjoin the defendant’s use of the water. As Mr. Justice McWilliams stated in his opinion:
“[N] othing contained herein should be construed as barring the plaintiff from instituting another action should the 1962 decree, upon which the defendant here relies, be set aside or altered.”
Judgment reversed and cause remanded with directions to proceed under C.R.S. 1963, 148-9-17, consonant with the views expressed herein.
MR. JUSTICE LEE not participating.