THE PEOPLE, ETC., EX REL. SMITH, RELATOR, v. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT, ETC., AND PALMER, JUDGE, RESPONDENTS.

1. PROHIBITION.
The writ of prohibition is not a writ of right, but its allowance rests in the sound discretion of the court.

2. SAME.
The only inquiry permitted upon an application for a writ of prohibition is as to whether the inferior judicial tribunal is exercising a jurisdiction it does not possess, or, having jurisdiction over the subject-matter and the parties, has exceeded its legitimate powers.

3. STATUTORY CONSTRUCTION—ALIMONY—CONTEMPT.

The statute authorizing the issuance of an execution for the collection
of alimony was not intended to deprive the court of its power to
punish a failure to comply with its order, by way of contempt.

4. ALIMONY—COUNSEL FEES—SETTLEMENT.

Parties to a divorce action in which the defendant has been ordered to
pay certain counsel fees cannot, by reconciliation or settlement of
the suit, defeat the claim of counsel.

5. PROHIBITION—REMEDY BY APPEAL.

A petitioner who had a remedy by appeal, which, but for his neglect in
availing himself thereof, would have been efficacious, is not entitled
to a writ of prohibition.

## *Original Proceeding.*

PETITION for writ of prohibition.

In the district court of Arapahoe county, Mary Smith
instituted a suit for divorce against the relator, Hugh Smith.
After filing the complaint she filed an application for tempo-
rary alimony and counsel fees.    Due notice of the application
was given to the defendant.    The parties appeared before
the court, a hearing was had, and on the 5th day of February,
1895, the court, *inter alia,* ordered the defendant (who is the
relator here) to pay to the plaintiff, for temporary support
and maintenance, sixty dollars on or before February 1, 1895,
and the sum of sixty dollars per month on the first day of
each month thereafter during the pendency of the action, and
to " pay to Robert W. Bonynge, on or before the 19th day
of February, 1895, the sum of two hundred dollars, to be
applied on account of his services as counsel for the plaintiff
in this action."

The defendant acquiesced in this order, and made the first
payment of sixty dollars for plaintiff's support, but failed to
comply with the order for the  payment of counsel fees and
the second monthly payment upon the alimony.

On the 4th day of March, 1895, upon the application of
plaintiff, the court issued a citation to the defendant to show
cause why he should not be  punished for contempt for such
failure.    Hearing upon the citation was fixed for the 7th of
March, when the defendant appeared in court and expressly

averred that he had no desire to evade the performance of the order touching the alimony and counsel fees, and stated in writing that he regarded the same as a binding obligation, and was as desirous of performing it as the plaintiff was of having it performed.    The defendant asserted that he had made every effort to comply with the order, but, by reason of a series of misfortunes, his efforts proved abortive. Thereupon he asked for further time, solely to give him an opportunity to borrow, upon certain property which he owned, a sufficient sum of money to comply with the rule.

Deeming this request for a continuance a reasonable one, the court granted time for further hearing upon such cita· tion until the 25th day of March following, when the defendant again appeared and made a further showing to the effect that since the former hearing the plaintiff and the defendant had become reconciled and were living together as husband and wife, and desired that the said suit be dismissed.    Defendant further showed that the plaintiff had released and discharged him from liability in respect to the payment of the alimony and counsel fees provided in said order of the court.    It appeared also that the wife had notified her counsel that she, individually, would pay him for his services.

Prior to this time, however, the attorney for the wife, having heard an intimation that there was a prospect of this settlement between the parties to the suit, duly served on the clerk of the court and upon the parties a notice to the effect that he would insist upon the payment of his counsel fees provided for in said order, and objected to the dismissal of said suit, unless and until his fees were paid.

The suit was not dismissed, but is still pending in the court, and there is nothing in the record to show any attempt or offer by the plaintiff to withdraw the same, except this statement that she notified her attorney of her desire that it should be dismissed.

Upon the final hearing, on March '25th, the court refused to discharge the rule for the payment of counsel fees, but, on the contrary, made it absolute.    Thereafter, and on the 5th

day of April, the court, speaking by the judge thereof, notified relator, who was then present in court, that if said counsel fees were not paid by ten o'clock on Monday, the 8th of April, the court would commit relator to jail for contempt of court.

Mr. CLAY B. WHITFORD and Mr. H. A. LINDSLEY, for petitioner.

Mr. ROBERT W. BONYNGE, for respondents.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

I. In this state the doctrine is well settled that a writ of prohibition is not a writ of right, but rests in the sound discretion of the court. The only inquiry permitted is as to "whether the inferior judicial tribunal is exercising a jurisdiction it does not possess, or, having jurisdiction over the subject-matter and the parties, has exceeded its legitimate powers." *Leonard v. Bartels*, 4 Colo. 95 ; *People ex rel., etc., v. District Court*, 6 Colo. 534; *McInerney v. City of Denver*, 17 Colo. 302, and cases cited; *People ex rel., etc., v. District Court*, 19 Colo. 343.

The court undoubtedly had jurisdiction over the subject-matter of this suit, as well as of the parties, and had the power to make the award of counsel fees in question. On this application, therefore, the only question for the court to determine is whether the court below exceeded its jurisdiction.

The position of relator is that the order, or that part of it providing for the payment of counsel fees directly to the attorney for the plaintiff, was wholly void, because it was a judgment rendered against the defendant in the action in favor of one not a party to the suit. If this particular judgment is wholly void, then this writ should issue;—certainly, unless the relator has some other speedy, ample and adequate remedy at law, to which he should have resorted.

He relies chiefly upon the decision in the case of *Sharon v. Sharon*, 75 Cal. 1. In that case the order granted upon determination of the application for temporary alimony and counsel fees was, in effect, a judgment that the defendant in the action pay to the numerous counsel for the plaintiff certain designated sums of money therein specified. In passing upon this order the court used this language: "The order here was a direct money judgment in favor of persons not parties to the suit, and to that extent was irregular and void." It is by placing emphasis upon this last word that counsel for relator chiefly relies. Upon appeal the order in the *Sharon Case* was reversed, upon the ground, however, that the fees awarded were grossly excessive, although the court did remark that it was irregular and void.

In the subsequent case of *Storke v. Storke*, 99 Cal. 621, the court held that an order resulting from an application for temporary alimony and counsel fees, directing fifty dollars to be paid "to the attorney for the plaintiff," was irregular. Upon appeal from the order in question, the court refused to reverse the judgment for such irregularity, but modified it, and directed the court below to change it by requiring the attorney's fee to be paid to the plaintiff, and as thus amended, the order was affirmed. The court uses the following language: "It is probable that the direction to pay the money to the attorney was a mere clerical mistake, and we think it a proper case for a modification of that part of the order, rather than a reversal."

This is enough to show that the supreme court of California, at least, did not consider the judgment void, for, if it had been, a reversal must have followed; but, being merely irregular, it was a judgment within the jurisdiction of the court, and was the result either of a clerical mistake or an irregular exercise of jurisdiction rightfully possessed.

There are other cases which we do not deem it necessary to cite, wherein orders in like cases which provide for the payment directly to the attorney of the counsel fees awarded

are recognized as proper and in accordance with the practice in chancery courts in like cases.

But it is not necessary for us to determine whether or not such order is a proper one to be made. If the court did not exceed its jurisdiction in granting the order, this writ should not for that reason lie. We hold that the judgment is not void, but, at most, only irregular.

II. In support of this application the relator relies upon another and distinct proposition, viz. that the court had no power to imprison the defendant for a failure to comply with a valid judgment against him for counsel fees. First, he contends that in the absence of a statute concerning this subject, it is not contempt for a defendant to refuse to comply with such an order. It is true that the remedy is a harsh one, and should be used only in extreme cases; but its harshness and severity are not insuperable objections to its appropriateness and to its use in a proper case. This doctrine is recognized in *Daniels v. Daniels*, 9 Colo. 133, and in *In re Fanning*, 40 Minn. 4.

Our statute (sec. 9, Session Laws, 1893, p. 240), we think, empowers a court, in a proper case, to apply this remedy; but as it also authorizes the issuance of an execution for the collection of alimony thus awarded, the relator insists that by necessary construction all other remedies are excluded. We think not, however. The statutory remedy by execution in this case is merely cumulative. *Wharton v. Wharton*, 57 Iowa, 696. The attachment for contempt, moreover, exists independent of statute, and issues by a court in the exercise of its ordinary and inherent powers, and the giving of the remedy by execution was not, in our judgment, intended to take away from the court its inherent power to punish by way of contempt in extreme and unusual cases. The remedy, therefore, in our judgment, in the proper case, still exists. There is no complaint here that the threatened imprisonment is to be unreasonable or excessive or that it is not the only efficient remedy. We are left without any information as to particulars. In this

connection see *O'Callaghan v. O'Callaghan*, 69 Ill. 552; 1 Ency. of Pl. & Pr., p. 436 *et seq.*, and cases cited.

III. It is unquestionably true that a subsequent change of circumstances may constitute an answer in contempt proceedings, and relator here claims that the reconciliation of the parties to the divorce suit after the order for temporary alimony and counsel fees was entered, and the release of the defendant by the plaintiff from his liability thereunder, is a sufficient answer to the citation. Undoubtedly this is true as to the order to pay alimony to his wife, but that portion of the order which adjudged him to pay counsel fees is beyond the power of the parties to the suit to abrogate. The utmost that can be claimed by relator (which claim he expressly repudiates) is that the judgment was, in effect, one in favor of the plaintiff for the use and benefit of her attorney. If so, she cannot set aside this order in favor of her attorney merely because she and her husband were reconciled and desired no longer to prosecute the suit. *Weaver v. Weaver*, 33 Ga. 172; *Courtney v. Courtney*, 4 Ind. App. 221. See, also, *Aspinwall v. Sabin*, 22 Neb. 73, where fraud in such a settlement of the suit was alleged, and it was held that the court would maintain jurisdiction to compel the payment of the counsel fees theretofore awarded. In the case at bar it would be a legal fraud upon the counsel if these parties could thus defeat his claim.

IV. Although the court refused to discharge the rule as to the payment of counsel fees, notwithstanding the subsequent reconciliation of the parties and their desire to dismiss the suit, yet the defendant in the case never applied to the court below to correct the particular error in the judgment wherein it is claimed to be void, nor did he, by appeal or writ of error to the court of appeals, seek to reverse this judgment for counsel fees, upon which judgment the threatened commitment for contempt was based.

In *Daniels v. Daniels*, *supra*, it was held that an order for temporary alimony and counsel fees is an appealable order, —one that may be reviewed either upon appeal or writ of

error. That decision was under the appeal act of 1885, but the reasoning of the court shows that a judgment for temporary alimony is a final judgment. Such a remedy is speedy, ample and adequate,—one that would give relator all the relief to which he is entitled if the lower court committed error. If, by his neglect, the relator has failed to avail himself of these remedies, and within the proper time thus to obtain the relief to which he claims to be entitled, that is not ground for the granting of the writ of prohibition by this court. The relator had from March 25th to April 8th within which to comply with this order or appeal from it, and from April 5th to April 8th to do so after the court notified him (which it was not obliged to do) that on the latter date he would be imprisoned if the order was not obeyed. He neglected to resort to the other remedies which were open to him, but on April 6th filed this application for a writ of prohibition.

Petitioner's acquiescence in the order for payment of counsel fees, and his protestation that he would comply with it, preclude him from resorting to the extraordinary writ of prohibition, unless it is apparent upon the face of the record, and from the proceedings below, that the court exceeded its jurisdiction in granting the same.

The petitioner had also a remedy by appeal from the order awarding counsel fees, which, but for his neglect in availing himself thereof, would have been efficacious, and for this reason this writ should not issue.

The alternative writ heretofore issued is quashed, and the proceedings herein are dismissed at the costs of relator.

*Dismissed.*