[No. 7637.]

THE PEOPLE OF THE STATE OF COLORADO EX REL. V. THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT ET AL.

DISTRICT ATTORNEY—*Appointment of Special Prosecutor*—Upon affidavit filed, charging the district attorney, his deputy, and others with an assault upon the affiant, the district court appointed an attorney to prosecute the offense charged. The attorney so appointed filed an information against all the parties named, jointly. The district attorney and his deputy, being tried separately, were acquitted. As to the others, the special prosecutor entered a *nolle*, and later, by leave of the court, withdrew from the prosecution. The same affiant thereupon filed a second affidavit charging the same persons with instigating a riot at the same time and place mentioned in the former affidavit, and with committing an assault, not only upon himself, but upon members of his family as well. The district attorney thereupon filed a motion to quash the last information, upon the ground that the court, by the first appointment had exhausted its powers, and the second information was therefore a nullity.

The motion was held properly denied and both certiorari and prohibition was refused. The authority of the court to appoint a special prosecutor in the second instance was declared to be the same, under the statute (Rev. Stat., sec. 2109), as in the first.—*Gray v. District Court*, 42 Colo. 298, distinguished.

Hill, J., dissented.

Mr. T. E. Watters, for petitioner.

Messrs. Crump & Allen and Mr. E. M. Sabin, for respondents.

Mr. Justice Bailey delivered the opinion of the court:

This is an original application for a writ of certiorari and prohibition. At a primary election, held September 3, 1910, at the residence of John W. Maloney in a South Englewood precinct, Arapahoe county, an altercation ensued which ended in an affray. It is out of prosecution over that difficulty that this application arises.

A petition was filed, October 5, 1910, on affidavit by Maloney, charging the petitioner here and Luke J. Kavanaugh, district attorney and deputy district attorney, respectively; and Claude E. Street, Joseph Kille, John D. Frederick and P. Z. Fogle with an assault, with a deadly weapon, upon him, praying the appointment of a special prosecutor to take charge of and investigate the matter, because of the personal interest therein of the regular prosecuting officers. The court thereupon appointed J. W. B. Smith, Esq., an attorney of the Colorado bar, to act in that capacity. On November 11, 1910, he filed an information against the parties named, charging them jointly with the alleged offense. Morgan and Kavanaugh were put to trial separately. Under court instructions, the jury returned a verdict of not guilty, and they were discharged. Thereupon Smith entered a *nolle prosequi* as to the defendants Street, Kille, Frederick and Fogle, and they also were discharged. Presently thereafter Smith filed his report with the district court, showing, among other things, the matters above set forth, and withdrawing from

the prosecution, which withdrawal was by formal order duly accepted.

Thereafter Maloney filed another affidavit, charging the same persons with instigating, at the time and place previously designated, a riot, and charging them with an assault, not only upon himself, but upon members of his family as well. On the same day E. M. Sabin, Esq., an attorney, filed a motion for the appointment of a special prosecutor, based on Maloney's affidavit, showing the disqualification of the district attorney and deputy because of interest. Pursuant to that motion, an order was entered appointing Sabin as such prosecutor, duly empowered to take such action on the affidavit as to him might seem proper. In making this order the court found that both Morgan and Kavanaugh had a personal interest in any investigation of the offenses of which complaint was made.

Later, Maloney filed two more affidavits, one charging Street, Frederick, Kille and Fogle with an assault on his person, the other charging Morgan with unlawfully beating Mary E. Maloney, the wife of affiant, a new offense, but all growing out of the difficulty at the primary. Sabin thereupon informed against these parties for the alleged respective offenses. The petitioner, Morgan, filed a motion to quash the information against him, setting up, by affidavit, that there was no lawful charge upon which he could be tried, for the reason that the court had exhausted its power, relative to this matter, by the appointment of Smith as special prosecutor, and that therefore the information filed by Sabin was a nullity; and also because the alleged offense prosecuted by Smith, against him, is the same offense charged in the information filed by Sabin. The motion was overruled, and Morgan applies for a writ prohibiting the respondents from further acting under the order naming Sabin special prosecutor, because of the supposed lack of authority in the court to make the appointment.

We have examined the record with the utmost care and are persuaded, beyond question, that it was within the jurisdiction of the court to name the second special prosecutor. The interest of Morgan and Kavanaugh, district attorney and deputy, respectively, in the matter to be examined, remained the same as originally. Attorney Smith, first appointed, had withdrawn as such officer, the withdrawal having been allowed by the court and noted of record. Thereafter new affidavits, embodying new charges, were formally presented. Some disposition must be made of them. By the affidavits the power and authority of the court were invoked. In this state of the record it seems that nothing was left for the court to do but designate a suitable person to represent the people. The regular prosecuting officers were disqualified, and the special prosecutor having declined to act further, plainly it was not only within the power of the court, but was its clear duty to appoint an attorney to take action upon the matters thus presented. There was no attempt to direct the action of that officer or control his discretion. The whole controversy is as to the authority of the court to make the second appointment. If it had jurisdiction, the information must be met and defended against in the court where filed, and if it did not have jurisdiction, then further proceedings should be prohibited. The sole question is, did the court have authority to act? If it did, whether it exercised that authority correctly or erroneously are matters which may not be inquired into in this proceeding. That it had such authority seems too clear for argument. New and different charges were before the court, the special prosecutor first named had withdrawn, the regular officers were disqualified, and unless a substitute may be named, the whole machinery of the court, so far as this matter be concerned, is completely blocked. It was never contemplated that such a situation could be brought about by any one, or by any set of facts or circumstances. All conditions were present to give the court authority, under the statute, to appoint a special prosecutor, and we are unable

to see why it did not have the power to do so, although such appointee be a second one, just the same as, under like circumstances, it had power to appoint originally. The jurisdiction of the court was complete, and there is nothing in the statute, which confers the power of appointment, to indicate a limitation upon the court in respect to its exercise. The discretion is with the court to appoint, or decline to, as public interest seems to require and demand.

The petitioner relies upon the case of *Gray, District Attorney, v. District Court,* reported in 42 Colorado 298, as determining that the court had no jurisdiction to appoint in this case. The two cases are clearly distinguishable. The thing in the *Gray* case which disclosed lack of jurisdiction in the court to remove him, was the fact that it did not appear that he had any personal interest in the subject-matter of the trial. In this case it is shown that the petitioner has precisely the sort and kind of interest in the matter to be examined that is, by statute, made cause for the removal of a regular district attorney and the appointment of a special prosecutor. In the *Gray* case the interest contemplated by statute was wholly lacking; while here such interest fully appears. Under the facts and circumstances of this case, the court below clearly had authority to appoint Sabin, and the informations presented by him were lawfully and properly filed and must be disposed of in the manner prescribed by law for the disposition of all criminal charges.

Since the informations were presented by one duly authorized, whatever objections or defenses there may be to them, some of which have been suggested in these proceedings, either in law or fact, must be offered and urged in the trial court, in the usual and ordinary way, where a complete, adequate and speedy remedy at law is afforded, with full opportunity for review should there be occasion for it. To hold otherwise would be, in effect, to convert the writ of prohibition into a writ of error, a course which is contrary to reason and unsupported by precedent.

The application and alternative order are dismissed and the writ of prohibition denied.

Decision *en banc.*

Mr. JUSTICE MUSSER not participating.

Mr. JUSTICE HILL dissenting:

I cannot agree with the conclusion reached by the majority. In *People ex rel. v. District Court,* 23 Colo. 466, it was held that the district attorney has power to discontinue any criminal cause without the consent of the court, and that prohibition lies to restrain a district court from trying a criminal cause after the district attorney has entered a *nolle prosequi.* It is an elementary principle of law that nothing can be done indirectly which cannot be done directly. This applies to the courts as well as to everyone else. It appears to me that our refusal to grant this writ is to allow a violation of this elementary principle. In *Gray v. District Court,* 42 Colo. 298, we held that the writ of prohibition will lie against the appointment of a special prosecutor to act as district attorney where the facts disclosed were not sufficient to authorize the appointment.

The record discloses, that the court (Honorable Charles McCall, judge presiding), upon October the 3rd, 1910, (after the filing of Maloney's first affidavit) appointed attorney Smith as special prosecuting attorney therein, to investigate and take such steps in the premises as he deemed proper, with all the powers of a duly qualified district attorney and as fully as if his powers were especially set forth and enumerated in the order; he performed these duties unquestionably proper, lawful and right, as they appeared to him. In so doing upon November the 11th, 1910, he filed an information against six persons, among which were the district attorney and his deputy; these latter two, upon November 21st and 22nd, 1910, were tried and by court instructions (Honorable Charles Cavender, judge presiding), the jury returned ver-

dicts of not guilty and they were discharged. There does not appear to have been any steps taken to have the rulings of judge Cavender reviewed by this court, as provided for by law in case the district attorney feels that such rulings were wrong. Thereafter, special prosecutor Smith entered a *nolle prosequi* as to the other defendants named in the information and they were discharged. Upon January 21st, 1911, attorney Smith filed his report in said court (addressed to and considered by Honorable Charles McCall, judge presiding). This report discloses, that he made a full investigation of the entire matter by talking with Maloney and members of his family, with other election judges and others who were present and saw what took place at the time referred to; that after having made this investigation he prepared and filed the information charging, not only those named in the Maloney affidavit (who were Morgan, Street, Kavanaugh, Kille and Frederick) but also one Fogle, with the commission of a crime in connection with the transaction. After filing this report and its acceptance, he was discharged from any further duty in respect to said matters. Thereafter, on March 11th, 1911, Maloney filed another affidavit charging sundry crimes to have been committed by the same persons at the same time, all growing out of the same transaction covered in his former affidavit. In the second affidavit he sets forth the fact of filing his former one, the actions taken thereunder, the result of said trial and dismissals, he also sets forth therein his version of the trial of Morgan and Kavanaugh and the dismissal as to the others and his reason for being dissatisfied therewith. His second affidavit reads in part as follows:

"That this honorable court has heretofore appointed an attorney at law to inquire into and investigate the riotous conduct and assault of the said parties hereinbefore mentioned, and the said attorney so appointed, after due investigation, filed a certain information in this court therein, making certain charges against the said Morgan and Kavanaugh,.

and the said mentioned Morgan and Kavanaugh were brought to trial and a jury empanelled to try the charges therein made against the said Morgan and Kavanaugh, and the affiant herein took the stand and testified in said cause; that upon the conclusion of affiant's testimony, the honorable judge then sitting, directed a verdict in favor of the defendants in said cause, and suggested to the special prosecutor that all other cases in which informations had been filed be *nollied;* thereupon the said special prosecutor stated to the court that he had several competent and credible witnesses present who could and would testify to the effect that Claude E. Street on said September 3rd, 1910, drew a gun or revolver upon this affiant, and that the said witnesses would testify as to the facts concerning said assault; that the judge then sitting refused to hear such testimony and dismissed said suit, and upon the suggestion of the judge then sitting, the said special prosecutor *nollified* all other cases in which informations had been by him filed.

This affiant respectfully represents and states that in his opinion the ends of justice were not meted out, and that the parties who participated in said riot and assault should, and ought to be prosecuted, and all the facts presented to a jury touching the guilt of the said parties of the matters charged herein."

It was upon this affidavit that the court (Honorable Charles McCall, judge presiding), appointed a second special prosecutor to investigate the matters set forth therein holding, that the district attorney and his deputy being interested, were disqualified. Upon August 10th, 1911, Maloney filed another affidavit charging Street, Frederick, Kille and Fogle with an assault upon his person with a deadly weapon, being the same charge stated in his first affidavit against the first three, and the same charge included in the information against all of them theretofore *nollied* by attorney Smith. August 10th, 1911, a second special prosecutor

filed informations against all of said parties, as stated in the opinion. These included the identical charges against Street, Frederick, Kille and Fogle covered by the informations theretofore *nollied* by Smith.

The motion of the district attorney includes and involves the validity of the appointment of the second special prosecutor, and his right to review the work of the first one, as well as to file new informations and try defendants thereunder where similar ones were theretofore *nollied* by the former special prosecutor, as well as to continue a disability against the district attorney in the performance of duties belonging to that office in his district.

I have set forth at length the facts in order to show that the efforts of Mr. Maloney were, as stated in his second affidavit, to secure an investigation by a second special prosecutor, of the same matter for which the first one was appointed and acted, in hopes that he might reach a different conclusion from the first, and also to secure another trial covering the same transaction, or practically so, by making the charges slightly different from those theretofore tried, and also to secure the filing of two new informations charging the identical offenses against some of the same defendants that were contained in the first information which the first special prosecutor had *nollied,* and also to secure trials thereunder,

If as held in the case of *People ex rel. v. District Court.* *supra,* prohibition lies to restrain a district court from trying a criminal case after the district attorney has entered a *nolle prosequi* therein, then it appears to me that by denying this writ we are allowing this court to do, indirectly, what we have heretofore held that it cannot do directly, to-wit, by appointing a second special prosecutor; it also allows him to file new informations and try the identical charges contained in the information *nollied* by the first special prosecutor, without any showing that the first special prosecutor was in any way disqualified to act or had failed or refused to act. Like-

wise, we are allowing a complaining witness, who is dissatis-
fied with the district attorney's (in this case the special prose-
cutor's) investigation of matters, without making any show-
ing against him, to have another appointed to investigate the
same transaction, who, perchance, may arrive at a conclusion
in harmony with the views of the complaining witness; in my
opinion, the court was without jurisdiction to do so. It will
be observed that there is no contention made that Mr. Smith
was disqualified or that he did not perform his duties as he
saw them, or that he refused to act in the matter; but to the
contrary, the record throughout discloses that he investigated
the entire matter, this is self-evident, not only from his re-
ports, but from the fact that he informed against Fogle,
whose name is not mentioned in Maloney's first affidavit. To
my mind, unless there is some showing to the contrary, no
other rational view can be given his acts; for these matters
he was the district attorney, he was learned in the law, he
knew if dissatisfied that he could have had judge Cavender's
rulings on law points reviewed by this court, also that the
authority to enter a *nolle prosequi* against the other defend-
ants, or to file any other informations pertaining to this en-
tire transaction was vested in him; having done nothing fur-
ther than as above stated, we must assume until a showing is
made to the contrary that he took all action therein he
thought proper and that he disposed of the entire matter as
seemed lawful and proper to him before making his report
and receiving his discharge. It was after all these matters
had transpired that Maloney filed his second affidavit, and
without making any charge to disqualify Mr. Smith or im-
peach his good faith or honesty, he attempts to again have
the entire matter reviewed by another special prosecutor. Un-
der the rulings in *Gray v. District Court, supra,* in my opin-
ion, under such circumstances the court was without juris-
diction to make the second appointment. It will be observed
that it is the actions of Mr. Smith as special prosecutor which

it is sought to have thus reviewed.  If it were alleged that he was interested or otherwise disqualified, then the trial court would have something to pass upon, but this is not the case; neither is there any showing that Mr. Smith had failed to investigate, had overlooked or left unfinished before his discharge, any portion of the entire transaction, but to the contrary his report discloses that he had finished and disposed of the entire matter.  Mr. Maloney's second affidavit informs the court of Mr. Smith's appointment and his investigation and disposition of the matter, but in a manner not satisfactory to him.  This was the state of the record upon the filing and presentation of Mr. Maloney's second affidavit and upon which the majority opinion says, the power and authority of the court were invoked and that nothing remained for the court to do but to designate a representative of the people to act upon the matters thus presented to the court.  As I view it the second Maloney affidavit, when considered in connection with the Smith report (on file) to which it refers, discloses to the court the necessary facts showing that it was without jurisdiction to appoint a second special prosecutor, unless the rulings announced in both of the decisions above referred to are to be overruled; or we are to now say that things can be done by the courts indirectly which we have heretofore held cannot be done directly.

Decided January 6, A. D. 1913.  Rehearing denied March 3, A. D. 1913.