## No. 9138.

### STATE BOARD OF MEDICAL EXAMINERS *v.* NOBLE.

CERTIORARI—*Questions Involved.* On certiorari to review an order of an administrative body the only questions presented are, Did the Board exceed its jurisdiction, or abuse its discretion? The merits of the controversy are not involved (Rev. Code sec. 331).

*Error to Denver District Court, Hon. John H. Denison, Judge.*

*Department.*

Hon. LESLIE E. HUBBARD, attorney general; CHARLES H. HAINES, RALPH E. C. KERWIN, for plaintiff in error.

THOMAS WARD, JR., for defendant in error.

Opinion by Mr. Justice Teller.

THIS cause is before us on error to the District Court of the City and County of Denver to review a judgment entered on a writ of certiorari to the State Board of Medical Examiners, which judgment reversed the action of the board in revoking the license of defendant in error to practice medicine in this state.

The board, on a hearing had upon a complaint charging defendant in error with having committed an abortion, found him guilty as charged, and revoked his license.

In the trial court it was contended that a judgment of acquittal in the Criminal Court, on the charge of having committed an abortion, was a determination of his innocence which the State Board was bound to accept, and it is so contended here. But that goes to the merits of the cause, which is not involved in this proceeding.

The Medical Board had jurisdiction of the subject and of the person, and clearly did not exceed its jurisdiction, or abuse its discretion. On a review of its action by writ of certiorari, those are the only questions to be considered: sec. 297, M. A. Code. Whether its decision on the merits is right or wrong is not within the issue. *Thompson v. State Board,* 59 Colo. 549, 151 Pac. 436. No complaint is made that the defendant in error did not have a fair hearing before the board; and that body's action was within the authority granted it by law.

The judgment of the District Court is unauthorized, and is reversed.

Judgment reversed.

Chief Justice Hill and Mr. Justice Bailey concur.