No. 10,521.

PEOPLE, EX REL. IRWIN, ET AL. v. MORLEY, DISTRICT JUDGE.

Decided December 18, 1922.

On application for a writ of prohibition.   Rule to show cause granted.

*Rule Discharged.*

1.  PROHIBITION—*Writ, When Granted.*   A writ of prohibition may issue from the supreme court only when the respondent tribunal has exceeded its jurisdiction.

2.  COURTS—*Dismissal of Actions—Jurisdiction.*   A court has jurisdic-tion to dismiss an action pending before it, although the dis-missal may be erroneous.

3.  CONTEMPT—*Judgment Disobeyed.*   A court has power to punish a contempt resulting from a disobedience of its judgment.

*Original Proceeding.*

Messrs. IRWIN & FRIEND, for petitioners.

Mr. HENRY W. TOLL, Mr. C. RUSSELL SHETTERLY, for respondent.

MR. JUSTICE DENISON delivered the opinion of the court.

THIS is an original proceeding in prohibition to restrain the court from proceeding for contempt against the re-lators, Irwin, Friend, Bigger and Roberts.   A rule to show cause was granted and the question is upon the issue of the writ.

The writ may issue from this court only when the re-spondent tribunal has exceeded its jurisdiction.   *People v. District Court,* 30 Colo. 488, 71 Pac. 388.

The essential facts are as follows:   One Dougherty brought suit against Bigger to cancel a sale of a restaurant and furniture by Bigger to him, and to cancel certain notes,

part of the purchase price, and the chattel mortgage securing the same, on the ground of misrepresentation and fraud. Bigger answered denying the fraud, setting up the chattel mortgage and asking for a foreclosure, and he afterwards filed a petition for a receiver which was pending when he instituted a replevin suit for the mortgaged property. The sheriff took possession of the property, held it for the statutory 48 hours and then surrendered it to the plaintiff. Dougherty immediately on the commencement of this suit moved to strike the case from the files and quash the replevin writ on the ground that there was another suit pending to wit, the previous suit above mentioned. These motions were granted and the case was dismissed. It was brought here on error and we are reversing it on the ground that the defense of another suit pending cannot be made by motion, but only by demurrer or answer, and we are remanding the case with directions to reinstate it. It appears, however, from the admitted allegations in this case, that after the dismissal of the replevin suit Bigger and Roberts, his custodian, under the advice of Irwin and Friend, the other relators, refused to surrender the property which they had received from the sheriff.

On November 10, Dougherty applied to the court for citation against the four for contempt on the ground that the dismissal of the suit was equivalent to an order that they surrender the goods. The judgment of dismissal expressed no such order. The court thereupon ordered "that the cause be re-opened to investigate and pass upon the question of this alleged contempt and for any further proceeding that may be necessary in respect to possession following the dismissal of the replevin writ," that citation issue and the contempt hearing be set for November 13, whereupon the application for the writ of prohibition was made to this court.

The allegation in the present petition is that unless prohibited the court will proceed without jurisdiction to punish the relators for contempt.

The claim is, first, that the court had no jurisdiction to dismiss the said replevin action, and second, that it had no jurisdiction to "re-open" it. The petition further alleges the facts as we have stated them, and that the relators had committed no other contempt.

There is no question about the jurisdiction to dismiss. The dismissal was erroneous as we are holding in *Bigger v. Daughtery* No. 10,522, but the court had full jurisdiction. A writ of error upon the judgment was taken out of this court and was the proper proceeding.

Concerning jurisdiction of the contempt matter it would seem that the conclusion must be the same. The court had rendered a judgment and if that judgment had been disobeyed it had power to punish the culprit. It had, of course, the right to try the question whether it had been disobeyed and that is all the record shows that it was attempting to do. Whether the judgment had been disobeyed is not a question in this proceeding. *People v. District Court,* 54 Colo. 237, 130 Pac. 324.

It is asserted that unless prohibited the court would punish the relators for contempt, though innocent. It ought not to be necessary to say that we cannot assume that such would be the case, and even if we could, we could not prohibit an act within the jurisdiction.

Rule discharged with costs.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER concur.