No. 18,196.

CITY OF AURORA *v.* CONGREGATION BETH MEDROSH HAGODOL, ETC.
(345 P. [2d] 385)

Decided October 19, 1959.   Rehearing denied November 9, 1959.

Mr. LESLIE A. GIFFORD, Mr. FRED M. WINNER, for plaintiff in error.

Mr. HAROLD J. SPITZER, Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for defendant in error.

*En Banc.*

PER CURIAM.

THE City of Aurora sought by condemnation proceedings to acquire rights-of-way for streets. The suit was resisted by the defendant in error, an incorporated religious society, whose property would be affected by the taking. It is claimed by the society that the land thus affected was at the time, and is, already devoted to a public use, viz., a public cemetery. Great reliance is placed upon the decision of the court in the case of *Beth*

*Medrosh Hagodol v. City of Aurora,* 126 Colo. 267, 248 P. (2d) 732, as settling the issue; for it is maintained by the society that it was conclusively adjudicated in that case that the property was dedicated to cemetery purposes. Indeed, res adjudicata is a pivotal defense of the society.

Trial was had, at the conclusion of which the lower court held against the city and in favor of the society, in part declaring:

"The ruling of the Supreme Court in 126-267 in part at least affirmed the theory that this cemetery property should not be condemned for purposes as indicated by the Petitioner himself. In other words, if the condemnation proceeding was permitted to proceed as indicated by the Petitioner, it would ruin the property of the defendants for the purpose for which it was employed."

Formal judgment was thereupon entered in favor of the society, and the city brought the case here by writ of error. A proper disposition of the present case requires a consideration of the decision in *Beth Medrosh Hagodol v. City of Aurora,* supra. Its effect as res adjudicata vel non has an important bearing on what resolution we must make of this writ of error.

That case was an original proceeding for prohibition filed in this court on July 31, 1952. Beth Medrosh Hagodol, defendant in error here, and Beth Medrosh Hagodol Cemetery Association, two corporations, prosecuted the suit against the City of Aurora, the city attorney and the district judge. Before this court in that suit was a complaint in which it was alleged that the city filed its suit in condemnation to take a portion of the corporations' land for a water reservoir and pumping facilities, obtained an order for immediate possession of the property described without notice to, or knowledge on the part of, the two corporations, and pursuant to the order took possession of the property. It further was alleged that the property so taken was cemetery property, and therefore not subject to condemnation. In their answer

the defendants sought to justify the order for immediate possession without giving the corporations notice or the opportunity to resist, and further raised the issue as to the property in question being devoted to cemetery purposes. By leave of court a reply was filed, asserting that the city had no right to immediate possession.

On the case thus made an opinion was written. 126 Colo. 267, 248 P. (2d) 732. In the course of the opinion this court said:

"Upon the record as presented, it appears that in the last analysis, *the only question* that requires determination is the validity of the trial court's order granting immediate possession. The other related questions may briefly be discussed as an indication for future guidance in similar proceedings." (Emphasis supplied.)

The only question requiring resolution was decided adversely to the city on the ground that the statute empowering the city to condemn vested no authority in it to apply for and obtain immediate possession.

Unfortunately, however, language was used in the opinion which would lead to bizarre results if considered outside the context of the whole opinion. A typical example of such language is the following:

" * * * The entire proceeding here is, in many ways an abortive attempt at condemnation, and since the property sought to be condemned is not only dedicated to public use, but has been used for sacred purposes by the cemetery association, a more onerous duty would be placed upon the city in its attempt to acquire the property involved by condemnation, namely, because land devoted to one public use cannot be condemned for another inconsistent public use unless legislative authority for such condemnation is granted, either expressly or by necessary implication."

Such language would seem to adjudge that the property so condemned was already devoted to a public use — a public cemetery. But, it is submitted, such cannot be the purport of the opinion when beheld in full text.

Be it remembered at the outset the court said that only one question was to be decided, and stated that question. And attention is directed to the next to the last paragraph of the opinion to clearly show the scope of the decision, for it was there stated:

"Much of what has been said concerning these questions may rightfully be considered as dictum, because the opinions expressed as to these questions are not necessary to the decision of *the exact question before us as stated earlier in this opinion,* however, such expressions are made in the hope that they will be helpful in any further presentation of this or any other case which may involve like situations." (Emphasis supplied.)

■ In prohibition proceedings the authority of the trial court to grant immediate possession in condemnation proceedings where the statute made no provision therefor was a justiciable issue, since it involved a jurisdictional problem. But disputed questions of fact — here, whether the property was devoted to cemetery purposes — could only be resolved upon the production of evidence as going to the merits of the case, generally a function beyond the scope and purpose of prohibition proceedings. Thus considered, this court could, and did, resolve the question of the jurisdiction of the trial court to grant immediate possession, but it could not, and did not, determine the factual issues which would have been cognizable by the trial court originally. The law is clear on these points.

■ In simplest terms the office of the writ of prohibition is preventive in that it restrains excessive or improper assumption of jurisdiction by a tribunal possessing judicial or quasi-judicial powers. The writ is not one of right, but calls upon the sound, cautious discretion of the petitioned court, and wrapped up in the exercise of this discretion is the existence or absence of other adequate relief. *Leonard v. Bartels,* 4 Colo. 95; *People v. District Court,* 6 Colo. 534; *McInerney v. Den-*

*ver,* 17 Colo. 302, 29, Pac. 516; *Leonhart v. District Court,* 138 Colo. 1, 329 P. (2d) 781.

■ When a writ of prohibition is presented to the court its only inquiry is "whether the inferior judicial tribunal is exercising a jurisdiction it does not possess, or, having jurisdiction over the subject-matter and the parties, has exceeded its legitimate powers." *McInerney v. Denver,* supra; *People v. District Court,* 21 Colo. 251, 40 Pac. 460. Such is the traditional radius of the writ of prohibition in which this court operates. *Leonhart v. District Court,* supra; Art. VI, Sec 3, Constitution of Colorado.

Questions of jurisdiction or excess thereof do not encompass consideration of the merits of a cause. One may, for instance, assert a meritorious claim before the wrong tribunal, and a higher tribunal may enter prohibitory orders against further proceeding without in any manner affecting the integrity of the claim. *People v. First Judicial District,* 54 Colo. 237, 130 Pac. 324; *State Board v. Noble,* 65 Colo. 410, 177 Pac. 141; *People v. Morley,* 72 Colo. 421, 211 Pac. 643; *Doran v. State Board,* 78 Colo. 153, 240 Pac. 335.

■ Res adjudicata was treated by the trial court as a defense to the suit in condemnation, the court having been persuaded by language in the earlier opinion that this court had determined the land in question was devoted to cemetery purposes. The fact, however, was that the allegation of dedication of the property in question was disputed before this court in that earlier case. Such issue would require the presentation of evidence. And such issue was not properly before this court in proceedings for prohibition.

■ "General expressions in an opinion must be read in the light of the questions presented and the facts in the particular case." *Capitol Life Ins. Co. v. Di Iullo,* 98 Colo. 116, 53 P. (2d) 1183. So read, the opinion in *Beth Medrosh Hagodol v. Aurora,* supra, resolved only a jurisdictional question: Did the trial court have authority

and power to enter an order for immediate possession? The other portions of the opinion were, as stated by the court, merely dicta.

Since the trial court in the present case was persuaded that the previous decision was res adjudicata, an error of law prejudicial to the city, we must reverse, and it is so ordered.

ON PETITION FOR REHEARING.

The remand is amended by directing the trial court to retry the cause on all issues presented by the pleadings or on all issues as presented by the pleadings as they may be amended.

The mandate is hereby modified and as modified the petition for rehearing is denied.