**No. 26461**

**Cecil L. Turner, Assistant District Attorney, and James R. Gmelin, Deputy District Attorney, in and for the Tenth Judicial District, State of Colorado v. District Court in and for the Tenth Judicial District, and the Honorable Matt J. Kikel, District Judge within and for the County of Pueblo, State of Colorado**

(533 P.2d 498)

Decided March 24, 1975.                    Rehearing denied April 14, 1975.

J. E. Losavio, Jr., District Attorney, Cecil L. Turner, Assistant, James R. Gmelin, Deputy, for appellants.

Rothgerber, Appel and Powers, Gregory L. Williams, for appellees.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Cecil L. Turner, an assistant district attorney for the Tenth Judicial District, and his trial assistant, James R. Gmelin, were both found to be guilty of contempt of court and were fined for their contemptuous conduct. Both Turner and Gmelin appealed. We affirm.

The events which brought about the trial judge's finding of contempt were directly tied to the trial of a criminal case. The charges in the case were formalized by the filing of a direct information which charged that David Luther Montoya committed a narcotics offense in June of 1973. Thereafter, defense counsel for Montoya filed a series of motions, one of which was for discovery. When the motions were heard, the district attorney informed the court and defense counsel that the defendant had not made any statement to the police. Following the hearing, the trial judge, pursuant to the provisions of Crim. P. 16, ordered that certain material, including statements, should be made available to defense counsel not later than thirty days before trial. Trial was scheduled for February of 1974. Five days before the trial, the district attorney claimed that he had just learned that the accused, while in custody, made an incriminatory statement to the police officer, who was endorsed as a witness on the original information.

The record reflects that the evidence which prompted the district attorney to file charges was based upon a finding of narcotics residue in a spoon. The so-called newly discovered evidence consisted of a police officer's recollection of a statement made by the accused while he was in custody. The police officer claimed that he had forgotten about the statement until just before the trial was to commence. The police officer also said that he did not think the statement was important at the time it was made, although the statement is now said to be critical to the prosecution's

case against Montoya. Montoya's statement was allegedly made nearly a year before it was recognized as incriminatory or as being of any evidentiary value.

Prior to the commencement of the trial, a hearing was held to determine the admissibility of the defendant's incriminatory statement to the police officer. Defense counsel objected to the use of the statement because of the failure of the district attorney to comply with the trial court's order relating to discovery. Crim. P. 16(h). *See Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); *People v. District Court,* 187 Colo. 333, 531 P.2d 626 (1975).

The court sustained the defense objection to the use of the statement after conducting a full hearing into the circumstances surrounding the district attorney's discovery of the statement. Following the court's ruling on the statement, the district attorney requested a continuance to permit an interlocutory appeal to this court, pursuant to the provisions of Crim. P. 41 and C.A.R. 4.1, or, alternatively, a shorter continuance to permit him to file an original proceeding in this court. The trial judge properly denied the motion, since neither rule was applicable, and advised Turner and Gmelin that the order relating to discovery was not a final order and was not appealable.

Thereafter, after the court had commenced the voir dire examination of the jury, the district attorney sought a recess to determine whether the trial judge properly denied their motion for a continuance. Following the recess, both Turner and Gmelin concluded that the court did not have the power to deny a continuance and advised the court that they would not proceed with the trial. The court then held them in contempt and granted a defense motion to dismiss the case. The decision not to proceed was admittedly made by Cecil L. Turner and by his deputy, James R. Gmelin, after consulting with the district attorney, Joseph Losavio, Jr.

Briefly stated, the issue is whether a district attorney, in the light of an adverse ruling on an evidentiary matter, can refuse to comply with the court's orders, disrupt the trial, and escape contempt proceedings. The answer is obvious: He cannot. Neither the prosecutor nor a defense lawyer can ignore a refuse to comply with the trial judge's rulings with impunity.

## I.
### Jurisdiction

Turner and Gmelin assert that the trial judge exceeded his jurisdiction when he ordered them to proceed with the trial of the case. The argument is premised on the theory that contempt does not arise out of a failure to comply with an order which exceeds the court's jurisdiction. *See People ex rel. Pomeranz v. District Court,* 74 Colo. 58, 218 P. 742 (1923); *People ex rel. Irwin v. Morley,* 72 Colo. 421, 211 P. 643 (1922).

After reviewing the record, it is apparent to us that the trial judge did not attempt to substitute his judgment for that of the district attorney or to impose a limitation on prosecutorial discretion. *See People v. Dennis,* 164 Colo. 163, 433 P.2d 339 (1967); Colo. Sess. Laws 1972, ch. 44, 39-7-401, at 224; section 16-7-401, C.R.S. 1973; *United States v. Cox,* 342 F.2d 167 (5th Cir. 1965).

Crim. P. 48(a) requires a district attorney, when he elects to dismiss a case, to file a motion in open court, ''supported or accompanied by a written statement concisely stating the reasons for the motion.'' Unless the trial court consents and approves, the district attorney is not permitted to dismiss the case as a matter of right. *See* 3 *Wright and Miller, Federal Practice and Procedure* § 812; Advisory Committee Notes to Federal Rule Crim. P. 48(a).

Crim. P. 48(a) is intended to give the court some supervisory power over the prosecution of a case, so that the interests of expeditious justice, as well as the interest of the defendant and society, can be effected. *Accord, United States v. Greater Blouse, Skirt & Neckware Contractors Ass'n.,* 228 F.Supp. 483 (S.D.N.Y. 1964); *United States v. Shanahan,* 168 F.Supp. 225 (S.D. Ind. 1958); *United States v. Doe,* 101 F.Supp. 609 (D. Conn. 1951).

In this case, no effort was made by the district attorney to dismiss the case. Turner and Gmelin merely refused to proceed with the trial after the trial judge invoked the sanctions of Crim. P. 16(h) for failure of the district attorney to comply with the trial court's discovery order. Crim. P. 16(h) was designed to provide the court with a means for enforcing its discovery orders. The trial judge did not abuse his discretion and properly directed

Turner and Gmelin to proceed with the prosecution without further delay. *In re Osborne,* 344 F.2d 611 (9th Cir. 1965).

## II.
## Contempt

The trial jury had been empanelled and had been interrogated by the court at the time the district attorney refused to proceed. The trial judge had to determine whether he would surrender his control over the proceedings and allow the district attorney to determine the trial procedures which were going to be followed in this case. The district attorney did not seek to dismiss his case against Montoya, but sought to test the court's authority to control the course of the trial. The acts complained of occurred in the presence of the court and effectively stopped the trial of the case. This contemptuous conduct of the district attorneys cannot be condoned. *Pittman v. District Court,* 149 Colo. 380, 369 P.2d 85 (1962).

Accordingly, the judgment is affirmed.

MR. JUSTICE GROVES dissents.