### No. 26460

### The People of the State of Colorado v. David Luther Montoya

(541 P.2d 685)

Decided October 6, 1975.

J. E. Losavio, Jr., District Attorney, Cecil L. Turner, Assistant, James R. Gmelin, Deputy, for plaintiff-appellant.

Darol C. Biddle, for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an appeal from the trial court's order granting defendant's motion to dismiss. The facts are set out more fully in *Turner v. District Court*, 188 Colo. 146, 533 P.2d 498 (1975), in which there was upheld a judgment for contempt resulting from the proceedings in this case.

Defendant was charged with three counts of possession of narcotic drugs. Defendant's pre-trial motion for discovery was granted with the provision that certain material, including statements made by the defendant, be made available to defense counsel not later than thirty days before trial. On the day of trial, the defendant objected to introduction of testimony by a police officer as to a statement allegedly made by the defendant. The People contended that they did not know that the statement existed until advised by the officer five days prior to trial, and that they then immediately notified defense counsel. The objection to introduction of this testimony was sustained. The court ruled that the statement was inadmissible, and ordered the attorneys to proceed.

After a request by the People for a continuance was denied, the court began *voir dire* examination of the jury. Following a short recess granted by the court at the request of the People, the assistant district attorney and his trial assistant concluded that the court did not have jurisdiction to deny a continuance. They argued that a continuance for the purpose of bringing an interlocutory appeal on the admissibility of the statement (or in the alternative an original proceeding in the nature of a petition for a writ of prohibition) was a matter of right. They advised the court that they were unwilling to proceed in the case. The court ruled that the defendant was not entitled to an interlocutory appeal, granted the defendant's motion to dismiss the complaint, and held the two attorneys in contempt for not proceeding with the case. In *Turner, supra*, we affirmed.

We believe that the only issue which properly should be considered here is whether the court erred in dismissing the case. If it did not, any erroneous rulings prior to the dismissal are academic so far as this cause is concerned. In *Turner, supra*, it was said: "The trial judge did not abuse his discretion and properly directed Turner and Gmelin to proceed with the prosecution without further delay." When they refused to proceed, the court had no alternative but to dismiss the case. This action was within the inherent power of the court, and the above quoted ruling is the law of the case. *U.S. National Bank of Denver v. Bartges*, 122 Colo. 546, 224 P.2d 658 (1950), *Ginsberg v. Bennett*, 106 Colo. 285, 104 P.2d 142 (1940).[1]

Judgment affirmed.

MR. JUSTICE ERICKSON concurs in the result.

---

[1]The author of this opinion dissented in *Turner*, but not on account of the quoted ruling above. Even if the dissent were predicated upon the quoted ruling, as stated in the text, it is the law of the case.